## FRANKLIN LIFE INS. CO. v. CRITZ.
### No. 9115.

Circuit Court of Appeals, Fifth Circuit.

Jan. 27, 1940.

Ed C. Brewer and Charles A. Sisson, both of Clarksdale, Miss., for appellant.

J. L. Roberson, of Clarksdale, Miss., for appellee.

Before FOSTER, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a judgment dismissing a bill filed by appellant seeking to cancel a policy of insurance issued by it upon the life of appellee's husband, because of his alleged breach of warranty in making false answers in his application for reinstatement of the policy which had lapsed for non-payment of premium. The sole basis of our jurisdiction is diversity of citizenship.

The policy was issued in Mississippi in 1929, and is governed by the law of that state. Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487; Section 5131 of the Mississippi Code of 1930. When it lapsed on September 5, 1937, for the non-payment of a quarterly premium, reinstatement of the policy was not a matter of grace on the part of the appellant but a contractual right upon certain stipulated conditions, among which were that satisfactory evidence be furnished the Company of the insurability of the applicant, and that payment be made of all past-due premiums with interest. This was done by the insured, but it is claimed that he falsely answered two questions in his application for reinstatement, as follows:

No. 4. "What sickness, ailments, injuries or accidents have you had or sustained since the date of your application for said policy?"

No. 9. "What are the names and addresses of all physicians whom you have consulted or who have prescribed for you since the date of your application for said policy?"

The answer was "None" in each instance, and the application for reinstatement warranted the truthfulness thereof. The appellee admits that the answers were made as alleged, but denies that they were untrue within the contemplation of the policy.

On the facts, we do not feel that we should disturb the findings of the district judge, who saw and heard the witnesses. His findings are amply supported by the evidence, and are to the effect, that, aside from a few trivial ailments, easily curable, insured was in good health at the time the application for reinstatement was made and until a few minutes before his death. We also agree with his conclusion that the appellant could not arbitrarily have refused to reinstate this policy.

In these circumstances, the failure of the insured to disclose trivial and temporary disorders did not constitute a breach of warranty relating to past sickness or to the names and addresses of physicians consulted with reference to illness or disease. In Pacific Mutual Life Insurance Co. v. Cunningham, 5 Cir., 65 F.2d 909, 910, this court said: "A question as to illnesses addressed to an applicant for life insurance is to be understood to refer to substantial or appreciable disorders, not to indispositions so slight and temporary as to be speedily forgotten."

See also: Mutual Reserve Fund Life Association v. Ogletree, 77 Miss. 7, 25 So. 869; Fidelity Mutual Life Insurance Company v. Miazza, 93 Miss. 18, 46 So. 817, 136 Am.St.Rep. 534; Metropolitan Casualty In-

418

surance Company v. Cato, 113 Miss. 303, 74 So. 118; Fidelity & Casualty Company v. Cross, 131 Miss. 632, 95 So. 631; Couch on Insurance, Vol. 3, Sec. 782, p. 2546; Corpus Juris, Vol. 37, Sec. 178, p. 458 and Sec. 179, p. 464.

The judgment of the district court is affirmed.