## MUTUAL BEN. HEALTH & ACC. ASS'N v. SETSER et al.

### No. 324.

District Court, S. D. Florida.

April 30, 1941.

R. W. Shackleford, of Tampa, Fla. (Shackleford, Farrior & Shannon, of Tampa, Fla., of counsel), for plaintiff.

---

Chester H. Ferguson, of Tampa, Fla. (McKay, Macfarlane, Jackson & Ferguson, of Tampa, Fla., of counsel), for defendants.

BARKER, District Judge.

The plaintiff, Mutual Benefit Health and Accident Association, filed its complaint for cancellation of a policy of insurance issued to defendant, Etsel R. Setser, by the terms of which certain benefits were provided for the loss of life, limb, sight or time by accidental means, or loss of time by sickness, as therein provided, and in the alternative, the plaintiff sought decree for declaratory judgment under the Federal Statute, 28 U.S.C.A. § 400. Mina Alice Setser was made a party defendant as she was designated beneficiary in the policy. To the complaint the defendants filed general answer and the defendant, Etsel R. Setser, filed counterclaim seeking recovery of benefits claimed to be due him under the policy by reason of his total disability which he alleged was covered under the accident provisions of the policy, as well as under the illness indemnities.

The policy in litigation was issued by the plaintiff on the 3rd day of January, 1939, pursuant to a written application of the defendant, Etsel R. Setser, which was dated the 27th day of December, 1938. The insured in the application answered the following question therein propounded to him in the affirmative: "18. Do you hereby apply to the Mutual Benefit Health & Accident Association for a policy to be issued solely and entirely in reliance upon the written answers to the foregoing questions, and do you agree that the Association is not bound by any statement made by or to any agent unless written herein; and do you agree to notify the Association promptly of any change in your occupation, or if you take additional insurance, and do you hereby authorize any physician or other person who has attended or may attend you to disclose any information thus acquired?"

The application was attached to the policy and was expressly made part thereof and it was provided that the policy was "issued in consideration of the statements made by the insured in the application".

The following question was propounded to the applicant in Section 12: "Have you ever had any of the following diseases: Rheumatism, neuritis, arthritis, sciatica, epilepsy, appendicitis, diabetes, any kidney trouble, cystitis, any disease of the brain or nervous system, heart disease, tuberculosis, bronchitis, gall bladder trouble, any stomach trouble, any intestinal trouble, cancer, syphilis, high or low blood pressure, tonsilitis, rectal trouble, malaria?". The answer given was "None of above".

In Section 13 of the application the following question was propounded to the applicant: "Have you received medical or surgical treatment or had any local or constitutional disease not mentioned above, within the last five years? Answer as to each", to which reply "None" was given.

In Section 15 of the application the following questions and answers were found: "Do your average monthly earnings exceed the monthly indemnity payable under the policy now applied for and under all other disability insurance now carried by you? Yes. What are your average monthly earnings? $200.00 or more".

It is apparent that the answers sought to be elicited by the above questions were answers of fact and not of opinion and the materiality of the information sought is not controverted and indeed cannot be.

The court finds on the date of the issuance of the policy, as well as on the date of the signing of the application, that the insured, Etsel R. Setser, had not previously had average monthly earnings which in any wise approximated the sum of $100. Indeed, the evidence establishes beyond controversy that the insured had not earned an average of $100 per month for many years prior to the material dates and that for the period from August, 1938, to the date of the application, his earnings had not averaged the sum of $75 per month, and indeed the insured's own testimony establishes that he had averaged substantially less than said figure.

The court is of the opinion that Mr. Setser necessarily knew the incorrectness of his replies and deliberately made same to the end of securing the issuance of the policy.

The court further finds that the answers given to the questions were untrue and the evidence admits of no other conclusion than that said replies were deliberately and knowingly made in order to secure the policy. Evidence contained in the depositions of Dr. Haskell Fox, Venus Guinn and L. M. Fox established beyond question the fact that the insured entered the Greeneville Sanitarium and Hospital in Greeneville, Tennessee on the 8th day of May, 1936, where he received treatment from

Dr. C. P. Fox for injuries which he sustained as a result of a fall from a ladder, for a period extending up to the 13th day of May, 1936. The original hospital records have been examined and same definitely establish the treatment given to the insured as result of injuries he received and show that at said time the insured complained that he had no use of his legs, especially his left leg. The uncontroverted evidence further establishes that subsequent to the insured's leaving the hospital, he brought a law action against Greene County, Tennessee, seeking to recover damages of the County for the injuries which he received and that in said action the insured testified that he injured his hip and kidney and that the latter was jarred loose and was what was known as a floating kidney and testified further that he was totally and permanently disabled as a result of said fall. I am convinced from the evidence, and so find, that the insured at the time of making the answers set forth in the application knew that said replies were false and untrue.

The court further finds that the testimony given by the insured is not credible and is unworthy of belief and there is no question that the facts which were concealed by the insured were material inasmuch as had the insured truthfully answered the questions, that the company would have been supplied with information and avenue of discovering the true condition of insured's health and that the true facts might well have influenced its judgment as to whether or not it would have issued the policy.

It is further found that the plaintiff, Mutual Benefit Health and Accident Association, did not know of the incorrectness of the representations made to it by the applicant at the time of the issuance of the policy and did not learn of said facts until subsequent to the time when claim was made upon it for the payment of disability benefits.

The court further finds that the plaintiff acted with due promptness upon securing information as to the truthfulness of insured's statements and that it has tendered into the registry of the court all sums received by it from the insured as payment for premiums, together with interest on said payments.

The court concludes that the plaintiff company was entitled to have the information sought by it in the questions propound-

ed in the application and that it was the duty of Etsel R. Setser to truthfully answer said questions. The court further concludes that the answers sought were material as a matter of law and that the answers given were false and were deliberately and knowingly made and further concludes that said answers were made by the insured in order to secure the issuance of the policy.

It is the conclusion of the court under the authority of Thompson v. New York Life Insurance Co., 143 Fla. 534, 196 So. 111, Winer v. New York Life Insurance Co., 143 Fla. 652, 197 So. 487 and Metropolitan Life Insurance Co. v. Madden, 5 Cir., 117 F.2d 446, and cases therein cited, that the policy is voidable and that the plaintiff, Mutual Benefit Health and Accident Association, is entitled to a decree cancelling same and it is so ordered.