METROPOLITAN LIFE INSURANCE COMPANY, a New York Corporation vs. GWENDOLYN B. POOLE, a widow.

3 So. (2nd) 385
En Banc
Opnion Filed July 1, 1941
Rehearing Denied July 31, 1941

*Shutts, Bowen, Simmons, Prevatt & Julian, L. S. Julian* and *L. S. Bonsteel,* for Petitioner.

*Chappell & Brown,* for Respondent.

PER CURIAM:—On writ of certiorari to the Circuit in and for Dade County, Florida, we review judgment affirming a judgment of the Civil Court of Record in and for Dade County, Florida, in favor of the plaintiff on an insurance policy.

In the court below there were fifteen (15) assignments of error. The first assignment of error challenges the action of the Court in refusing defendant's request for an instructed verdict in favor of the defendant.

The second to ninth, inclusive, assignments of error challenged the propriety of the charges given by the court.

The tenth to fifteenth assignments of error were as follows:

"10. The Court erred in denying the defendant's motion for a new trial in that the Court erred as hereinabove set forth."

"11. The Court erred in denying the defendant's motion for a new trial in that the verdict is contrary to the weight of the evidence."

"12. The Court erred in denying defendant's motion for a new trial in that the verdict was wholly unsupported by the evidence."

"13. The Court erred in entering final judgment for the plaintiff in that the verdict is contrary to the weight of the evidence.

"14. The Court erred in entering final judgment for the plaintiff in that the verdict is wholly unsupported by the evidence.

"15. The Court erred in entering final judgment for the plaintiff in that the verdict is contrary to the law."

The defense interposed by the Insurance Company was in effect that the insured had made false answers to questions contained in the application for the policy set forth wherein such answers were false. The plaintiff interposed replications denying that such answers were made by the applicant for insurance and alleging that the answers were written in the application by the agent of the insurance company without the knowledge of the applicant and that the Agent assumed to write such answers, relying upon his own information and without having been advised concerning the facts by the applicant.

The charges complained of were appropriate to the issues made by the pleadings and the evidence. The evidence was conflicting. It is not the province of this Court in reviewing a case on certiorari to go behind the judgment of the court below entered upon conflicting testimony. This case is ruled by our opinion and judgment in the case of New York Life Insurance Co., vs. Kincaid, 122 Fla. 283, 165 Sou. 553 and cases there cited. See also Mass. Bonding & Ins. Co. v. Williams, 123 Fla. 560, 167 Sou. 12.

In the Kincaid case we said:

"It is now contended that Kincaid knowingly made misrepresentations to the Company in that he did not disclose all his visits to Dr. Osenback and what he was treated for each time during the two year period covered by the questionnaire and that his policies would not have been reinstated if the undisclosed visits and what they revealed had been known to the

Company. The issue of whether or not Kincaid knowingly made misrepresentations to the Company was fully developed by plea, replication, rejoinder and sur-rejoinder, which we have examined but do not deem necessary to enlarge on here."

"Even if he failed to make a full disclosure with reference to his insurability, it does not necessarily vitiate his reinstatement. The test is whether or not his answers to the questionnaire were made in good faith and, as said in the preceding paragraph, this question was squarely presented by the pleadings and was for the jury to determine. Their verdict finds ample support in the evidence and should not be disturbed.

And cited:

"Mutual Life Ins. Co. of New York v. Hurni Packing Co., 260 Fed. 641, text 646; New York Lfe Ins. Co. v. McCarthy, 22 Fed. (2nd) 241; Mouler v. Am. Life Ins. Co., 111 U. S. 335, 4 Sup. Ct. 466, 28 L. Ed. 447; Rose's Notes, Rev. Ed. Supplement to Vol. 2, page 783; also Vol. 12, pages 544, 545; Couch on Insurance."

In the Williams case, *supra,* in discussing the admissibility of parol evidence as against the statements contained in the application signed by the applicant, we said:

"The contention that it is violative of the parol evidence rule to permit introduction of evidence to show that the answer inserted in the application by the agent was not the answer given by the insured, is without merit. Parol evidence is admissible to show that the answer written in the application is not the answer given by the applicant on the ground that

the statements are not those of the insured and he may show their true character. To hold otherwise would be to make a rule of evidence adopted as a protection against fraud an instrument of the very fraud it was intended to prevent. See Union Mutual Life Insurance Co. v. Wilkinson, 13 Wall. 222, 20 L. Ed. 617; American Life Insurance Co. v. Mahone, 88 U. S. 152, 22 L. Ed. 593; New Jersey Mutual Life Insurance Co. v. Baker, 94 U. S. 610, 24 L. Ed. 268."

On consideration of the entire record, we find no error disclosed which would warrant our quashing the judgment of the Circuit Court.

Therefore, the writ of certiorari heretofore issued is quashed and the cause dismissed.

So ordered.

WHITFIELD, BUFORD, CHAPMAN, THOMAS and ADAMS, J. J., concur.

BROWN, C. J., dissents.