SADIE URBACK, RESPONDENT, v. METROPOLITAN LIFE INSURANCE COMPANY, APPELLANT.

Argued October 22, 1941—Decided January 9, 1942.

For the appellant, *George W. C. McCarter.*

For the respondent, *Klein & Klein (Edward Gaulkin,* of counsel).

The opinion of the court was delivered by

PARKER, J. This is an action by the beneficiary of a life insurance policy. The plaintiff is the widow of the insured. There were six separate defenses set up in the answer, each of which is based on some allegedly "false and fraudulent" answer to a question propounded by the insurer on the usual application form, and in view of which answers the policy was issued. Certain of the answers appear plainly to have been false, particularly as to "illnesses and ailments" not mentioned in them. The trial court left it to the jury to find whether or not these answers were fraudulent, and no special complaint is now made on that score. But the court went farther, and instructed the jury that it was for them to find whether the answers were material to the risk. The language of the charge on this point was as follows: "So, you must find that the misrepresentation, if fraudulent, was material, that is, material to the risk, material for the defendant insurance company to know in passing on and determining if it will accept the risk." A little later in the charge the

court went on to discuss the answer to the fifth question, which read as follows: "Have you ever been an inmate of, or have you ever received treatment in any asylum, hospital, sanitarium, or cure? If yes, give date, duration, name of ailment, and name of institution." The answer given to this stated that in 1909 (the policy was issued May 1st, 1936) the deceased had been is Beth Israel Hospital for appendectomy, and did not state what was clearly proved in the case, that a little over two years prior to the policy, in January, 1934, he had been to a hospital for diagnosis because of fainting spells; and in answer to a question whether he had ever had a surgical operation, he entirely omitted the fact that in August, 1934, his tonsils had been removed. The question as to whether all these matters were material to the risk was left entirely to the jury, as has been said. Exceptions were duly taken and assigned as grounds of appeal and have been argued.

In our opinion there was error in the instruction of the court leaving to the jury the question of materiality of certain representations which quite conceivably they might find to have been both false and fraudulent. The prior medical history of the applicant is naturally and logically a most material matter to a life insurance company which has been asked to underwrite a death risk, and we think that particulars in regard to such medical history that are called for by the questions formulated on the application blank, and the answers, are not matters the materiality of which is to be left to a jury in any particular case. In the case of *Kerpchak* v. *John Hancock Mutual Life Insurance Co.*, 97 *N. J. L.* 196, the inquiry on the application blank was: "Give name and address of physician last consulted." This was held to be material to the risk. In the case of *Prahm* v. *Prudential Insurance Co.*, in the same volume, page 206, the inquiry read: "Give names of all physicians who have attended you within the past three years. On what dates and for what complaints?" This was treated by this court as material, but also as ambiguous, and therefore it was for the jury to say whether the answer was untrue and, if untrue, willfully untrue. In *Duff* v. *Prudential Insurance Co.*, 90 *Id.* 646, the

question was whether the applicant had ever suffered from tuberculosis, and the reply was in the negative. The Supreme Court reversed a judgment for the defendant and seems to have remarked in an unreported opinion that there was no proof that the misrepresentation in question was material; but we said (at *p.* 648) "the fact that the company asks the question shows it is material," adding that "it is common knowledge to assume that life insurance companies do not accept for life insurance tubercular persons."

In *Metropolitan Life Insurance Co.* v. *McTague*, 49 *N. J. L.* 587, a Supreme Court case, the application for revival of a lapsed policy which by the customary language was made part of the new policy, warranted that the insured had not consulted or been prescribed for by a physician. In fact, it appeared that a physician had prescribed for "a cold." Mr. Justice Magie said (at *p.* 592), "the fact found contradicted this averment, whether the consultation and prescription related to a real disease or an apprehension of disease. Indeed, so material does such a representation seem to be to the contract proposed by the application that, in my judgmet, if made falsely and knowingly, it would avoid the contract."

We consider that as a working rule, inquiries propounded in the application form, and the truthfulness and completeness of answers thereto touching the physical condition and pathological history of the applicant, are material to the risk as a matter of law, and that materiality is not the subject of findings of fact by a jury.

These considerations lead to a reversal of the judgment to the end that a *venire de novo* be awarded.

*For affirmance*—PERSKIE, RAFFERTY, JJ.   2.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PORTER, COLIE, DEAR, WELLS, WOLFSKEIL, HAGUE, THOMPSON, JJ.   14.