## MADDEN v. METROPOLITAN LIFE INS. CO.

## MADDEN FURNITURE, Inc., v. SAME.

### No. 10707.

Circuit Court of Appeals, Fifth Circuit.

Nov. 10, 1943.

See, also, 117 F.2d 446.

Morris E. White and Calvin Johnson, of Tampa, Fla., for appellants, Marguerite Madden and Madden Furniture, Inc.

Peter O. Knight, C. Fred Thompson, and Jno. Bell, all of Tampa, Fla., for appellee, Metropolitan Life Ins. Co.

Before HUTCHESON and HOLMES, Circuit Judges, and RUSSELL, District Judge.

HUTCHESON, Circuit Judge.

When this cause was here before on the appeal of Metropolitan Life Insurance Co.,[1] we reversed the judgment and remanded the cause for further and not inconsistent proceedings because the insured had falsely answered question 13, "What clinics, hospitals, physicians, healers or other practitioners * * * have you consulted or been treated by within the past five years?" We held that: "The purpose of [the question] was to reveal medical consultations and treatments of the applicant, so that the insurer might have the benefit of this information as a basis for further inquiries in determining his insurability; that it was in law material; that the answer to it, if given truthfully, was likewise material; that the evidence admits of no other conclusion than that, whether or not fraudulently intended, it was deliberately and knowingly made; and that because of this misrepresentation, the judgment may not stand." We said further, "This is settled law in New York,[2] where it is claimed that one of the policies became a contract, and in Florida,[3] from which this case comes. It has been repeatedly so decided by this court.[4]" When it went back, the district judge, considering that the reversal meant the reinstatement of previously overruled motions of the defendant for judgments notwithstanding the verdicts, granted such judgments forthwith. On Madden's appeal,[5] we held that the court had misconceived the effect of our judgment of reversal and that a new trial ought to have been had. We reversed with directions for trial de novo. The causes were retried, and they are here again on Madden's appeals from judgments on directed verdicts for the defendant. The district judge, holding that the evidence on this trial was the same in substance as that offered on the first trial and that the opinion on the first appeal demanded verdicts

[1] 5 Cir., 117 F.2d 446, 450, decided 2-5-41.

[2] Geer v. Union Mut. Life Ins. Co., 273 N.Y. 261, 7 N.E.2d 125.

[3] Winer v. New York Life Ins. Co., 143 Fla. 652, 197 So. 487; Thompson v. New York Life Ins. Co., 143 Fla. 534, 197 So. 111.

[4] New York Life Ins. Co. v. McCarthy, 5 Cir., 22 F.2d 241, and many other cases cited in Madden's case and in Sun Life Assur. Co. v. Maloney, 5 Cir., 132 F.2d 388.

[5] 5 Cir., 127 F.2d 837.

and judgments for defendant, directed verdicts and entered judgments accordingly.

Here appellants urge, as they did below, that the verdict ought not to have been directed but the cause should have gone to the jury, for that; (1) the evidence was substantially different; and (2) since the coming down of the former decision, the Supreme Court of Florida [6] had rendered a decision laying down a rule with respect to the answer to question 13, contrary to that this court had laid down. Appellee, on its part, insists that: (1) the additional evidence offered was not different in kind or legal effect from that offered before but was merely more of the same; and (2) the Poole case [7] does not overrule the Florida cases cited in this court's former opinion, and, rightly considered, the rule it announces is not contrary to that announced in them and in the opinion of this court.

▮▮▮ A careful consideration of the evidence offered in the light of the former record, and especially of the quotations from it on which our former opinion was based, leave us in no doubt that appellee is right in its insistence that the additional evidence was in substance and legal effect the same as that offered in the former trial, and that under the rule laid down on the first appeal, a verdict for defendant was demanded. We are equally without doubt, however, that the appellants are right in their insistence that the Supreme Court of Florida in the Poole case has laid down a different rule from that announced by us, and that under that rule it was for the jury to say whether Madden's answer to question No. 13, though false, was made in good faith and, therefore, did not vitiate the policy. This is made clear not only by the headnote "False answers, made by the insured in good faith, to questions in application for life insurance policy, do not vitiate policy", but by the court's express approval of charges five and six,[8] the giving of which were assigned as error. In so ruling, the Florida Supreme Court, expressly rejected the distinction made in the Madden case, and accepted by most of the courts in the country, between a statement of opinion as to whether the insured had suffered from particular ailments and of fact as to whether he had or had not consulted a physician.[9] In doing so, the Florida court was not merely taking its place by the side of many other courts, including this one,[10] in repudiating the doctrine that questions as to consultation are material no matter how trivial, temporary or unimportant the consultation was, to hold instead that a false answer to the question whether insured had consulted a physician would not avoid the policy if the consultation was for a trivial or temporary disorder.[11] It was taking its place with courts [12] which hold that, where a statute or policy, as here, provides that all statements made by the insured shall, in the absence of fraud, be deemed representations and not warranties, a representation, though false, does not avoid the policy unless it was made with conscious intent to deceive; that whether it was so made is normally for the jury; and that (even though a question relates to matters of fact such as whether there was a consultation rather than of opinion as to whether insured was ill or suffering from a disease), unless the evidence admits of no other conclusion than that there was an intent to deceive, it is for the jury to determine whether the answer was fraudulent in fact, that is, made with intent to deceive, or whether it was given in good

[6] Metropolitan Life Ins. Co. v. Poole, 147 Fla. 686, 3 So.2d 386.

[7] Decided July 1, 1941.

[8] "5. The court charges you that in considering the question as to whether an applicant for life insurance made false statements in his application for an insurance policy, the test to apply is whether answers of the applicant to the questionnaire in the application were made in good faith.

"6. The court charges you that representations in an application for life insurance touching consultations with or treatments by a physician, stand on the same footing as representations of good health and do not furnish basis for avoiding liability on the policy unless they relate to some serious ailment material to the question of life expectancy."

[9] 29 Am.Jur., Sec. 570; 131 A.L.R. 618 et seq., Appleman Insurance Law and Practice, vol. 1, §§ 244, 245 et seq., page 265 et seq.

[10] Franklin Life Ins. Co. v. Critz, 5 Cir., 109 F.2d 417.

[11] Appleman Insurance Law and Practice, vol. 1, § 251.

[12] Kerpchak v. John Hancock Mut. Life Ins. Co., 97 N.J.L. 196, 117 A. 836; Urback v. Metropolitan Life Ins. Co., 127 N.J.L. 585, 23 A.2d 568; Livingood v. New York Life Ins. Co., 287 Pa. 128, 134 A. 174; Cunningham v. Pennsylvania Mut. Life, 152 La. 1023, 95 So. 110.

faith, that is, without conscious intent to defraud. Since we are bound to follow where Florida courts lead in cases governed by Florida law, it is sufficient for us, without more, to determine, as we do; that, under Florida law, plaintiffs were entitled to go to the jury on the issue of intentional or conscious fraud; and that, as to all three of the policies, Florida law governs. Brown v. Case, 80 Fla. 703, 86 So. 684; Ostroff v. New York Life Ins. Co., 9 Cir., 104 F.2d 986; Sovereign Camp v. Mixon, 79 Fla. 420, 84 So. 171; American Fire Ins. Co. v. King Lumber & Mfg. Co., 74 Fla. 130, 77 So. 168. The judgment is reversed and the cause is remanded for further and not inconsistent proceedings.