EQUITABLE LIFE ASSUR. SOC. OF THE
UNITED STATES v. ALVAREZ et al.

No. 10663.

Circuit Court of Appeals, Fifth Circuit.

March 25, 1944.

Rehearing Denied May 2, 1944.

Maurice E. Purnell, of Dallas, Tex., for appellant.

Larry W. Morris, of Houston, Tex., for appellees.

Before HUTCHESON, HOLMES, and LEE, Circuit Judges.

HUTCHESON, Circuit Judge.

Brought after the death of the insured, against his beneficiaries to cancel four life policies, the claim of the suit was that the policies had not taken effect because (1) the deceased was not in good health when the policies were delivered, and (2) he had falsely answered certain questions.[1] The beneficiaries denied these charges and by cross-action sued to recover on the policies. Tried to a court without a jury, there were findings (1) that the insured was in good health when the policies were delivered and the first premium on them paid, and (2) that the answers to the questions, in failing to disclose that X-ray examinations made six years before had revealed a tumor diagnosed as benign, were not made willfully and with intent to deceive but inadvertently, and that they were not material to the risk.[2] Because he had so found and because he found too that plaintiff had continued to receive premiums after it had learned from the insured that cancer had developed, and that plaintiff was estopped to raise any question as to failure to disclose the tumor, the District Judge gave judgment against plaintiff and for defendants on the policies.

Here appellant, conceding that the affirmance of an earlier suit in this court[3] had determined against it the issue that the deceased was not in good health when the policies were delivered, pitches its case entirely on the claimed misrepresentations in respect of fluoroscope and X-ray examinations in 1933 and 1934. Insisting that the rule in Texas, as to false answers to questions whether insured had consulted physicians or been treated medically, is the same as that set down by this court in Metropolitan Life Ins. Co. v. Madden, 5 Cir., 117 F.2d 446, and that they avoid the policy without regard to the willfull-

---

[1] Question 6. Have you ever had or been treated for any disease or disturbance of * * * ?
Answer: No.
(F) Have you had any other illness or injury not mentioned above?
Answer: No.
(I) Have you ever had an electrocardiogram, X-ray, or fluoroscope made of any part of your body?
Answer: No.

[2] The court found: that a fluoroscope and X-ray examination of deceased's chest made in June, 1933, while he was an intern in a hospital in Boston, had revealed a small tumor in the left chest wall; that additional X-rays made later in the same year and in the early part of 1934, showing no change in size or shape, the tumor was diagnosed as benign, and the assured was advised to do nothing about it; and that the flare-up in the fall of 1940, which resulted in an examination and diagnosis that the tumor had become malign was the result of conditions arising after the issuance of the policies in February and March, 1940.

[3] Bankers Life Co. v. Alvarez, 5 Cir., 131 F.2d 336.

**552**

ness of the insured or his intent to deceive, appellant urges that this cause must be reversed.

Appellees, insisting with equal vigor that this is not the rule in Texas, but the rule there is the same as that established for Florida in Metropolitan Life Ins. Co. v. Poole, 147 Fla. 686, 3 So.2d 386, Cf. Madden v. Metropolitan Life Ins. Co., 5 Cir., 138 F.2d 708, urge upon us that the finding of the trial court that the statements were not willful, nor were they made with intent to deceive, requires an affirmance of the judgment.

We agree with appellees. In Huey v. American National Ins. Co., Tex. Civ.App., 45 S.W.2d 340, 343, the court held that a representation by the insured that he had not consulted a physician, though untrue, could not affect the policy since it was not shown that such misrepresentation was fraudulently made, and it was found by the jury that the matter inquired about and falsely answered was not material to the risk. In Pacific Mutual L. Ins. Co. v. Johnson, 5 Cir., 74 F.2d 367, we pointed out, with respect to a similar question and answer as to medical or surgical advice or treatment, that in Texas it was for the jury to determine whether the misrepresentation was material to the risk. In American Central Life Ins. Co. v. Alexander, Tex.Com.App., 56 S.W.2d 864, and in Great Southern Life Ins. Co. v. Doyle, 136 Tex. 377, 151 S.W. 2d 197, and other cases, the courts of Texas have firmly determined that false representations to avoid a policy must have been willful and made with a design to deceive or defraud. Here the District Judge found both that the matter inquired about was not material and that the statements were not made willfully or with intent to deceive, and it may not be said that the evidence demanded different findings. What we said in Madden v. Metropolitan Life Ins. Co. supra, 138 F.2d at page 709, of the Florida courts finds complete application here as to the Texas courts. Because we affirm the judgment on the findings that no ground for cancellation of the policies was shown, we do not determine whether the District Judge was right in finding that the plaintiff, after learning of sufficient facts to put it on inquiry, accepted premiums on the policies and thereby waived and estopped itself to seek cancellation because of the claimed false statements. The judgment is affirmed.