**PIONEER AMERICAN INSURANCE COMPANY, Appellant,**

v.

**Julian R. MEEKER, Appellee.**

No. 15795.

Court of Civil Appeals of Texas.

Fort Worth.

March 8, 1957.

Rehearing Denied April 5, 1957.

McDonald, Sanders, Nichols, Ludlum, Wynn & Ginsburg, and J. Olcott Phillips, Fort Worth, for appellant.

Thompson, Walker, Smith & Shannon, K. K. Smith, Jr., and Joe E. Gracey, Fort Worth, for appellee.

BOYD, Justice.

This is an appeal from a judgment denying the petition of appellant Pioneer American Insurance Company to cancel an insurance policy on the life of appellee Julian R. Meeker.

In January, 1955, appellee made application to appellant for a policy of insurance on his life in the amount of $50,000. The application was in writing, and represented that no physician in the past five years had found appellee's blood pressure above normal, and that Dr. Jack Furman was the last physician appellee had consulted. About January 27, 1955, appellant delivered to appellee a policy effective January 13, 1955, in the amount of $50,000, and the first year's premium was paid. On March 16, 1955, appellant wrote to appellee stating it had learned that the representations set out above were not correct, that the policy would not have been issued had correct statements been made in the application, and that "As far as we are concerned this policy is cancelled and we are no longer obligated upon the same." Appellant enclosed its check for the amount of the premium which appellee had paid, and asked that the policy be returned to it. Appellee refused to accept the return of the premium and did not return the policy. This suit was filed on June 2, 1955, at which time appellant deposited in the registry of the court an amount equal to the premium, to be paid to appellee.

The jury found that: the representations were false, were material to the risk, and were relied upon by appellant; appellee did not know that they were false when he made them; they were not made with intent to deceive appellant; appellee could not have known by the exercise of ordinary diligence that any physician in the past five years had found his blood pressure above normal; he could have known by the exercise of ordinary diligence that the representation that Dr. Furman was the last physician he had consulted was false; appellant was in possession of facts sufficient to put it on notice as to the truth or falsity of the representations; appellant made an independent investigation of the facts; appellee did not hinder the investigation; appellant did not rely solely on its independent investigation; appellee failed to mention his examination in the past five years by a physician other than Dr. Furman, in answer to a question in the application, because his attention was not particularly called to the question.

Disposition of the appeal requires construction of Article 3.44, subd. 4, V.A.T.S. Insurance Code, which provides: "That all statements made by the insured shall, in the absence of fraud, be deemed representations and not warranties."

It is appellant's contention that Article 3.44, sec. 4, does not apply to insurance contracts sought to be cancelled before the

maturity of any claim thereon, when the parties can be restored to the previous status quo. So far as we know, the point has not been passed upon.

■ The word "fraud" in the Article has been construed to mean a misrepresentation made wilfully and with intent to deceive. American Central Life Ins. Co. v. Alexander, Tex.Com.App., 56 S.W.2d 864. And it seems to be settled that a representation of the insured cannot be interposed as a defense to a suit upon a policy unless it be shown that the misrepresentation was made wilfully and with intent to deceive the insurer, and that it was material to the risk and relied upon by the insurer. Gorman v. Jefferson Standard Life Ins. Co., Tex.Civ.App., 275 S.W. 248; American Central Life Ins. Co. v. Alexander, supra; Colorado Life Co. v. Newell, Tex.Civ.App., 78 S.W.2d 1049; National Life & Accident Ins. Co. of Nashville, Tenn. v. Kinney, Tex. Civ.App., 282 S.W. 633; Great Southern Life Ins. Co. v. Doyle, 136 Tex. 377, 151 S.W.2d 197; Clark v. National Life & Accident Ins. Co., 145 Tex. 575, 200 S.W.2d 820; Bankers Standard Life Ins. Co. v. Atwood, Tex.Civ.App., 205 S.W.2d 74; Equitable Life Assur. Soc. of United States v. Alvarez, 5 Cir., 141 F.2d 551.

■ In the case at bar the insurer is seeking to cancel the policy before it has become a claim; but we cannot say that the statute is applicable only to policies after the contingency insured against has occurred. The first sentence of Article 3.44 is, "No policy of life insurance shall be issued or delivered in this State, or be issued by a life insurance company organized under the laws of this State, unless the same shall contain provisions substantially as follows:" and the provisions following that sentence include sec. 4 above quoted. We see nothing in the statute which prevents its application to the insurance contract form its inception. There is nothing to indicate that the contingency insured against must have occurred before the insured's statements become "represen-

tations" instead of "warranties," and we do not so construc the Article.

Appellant strongly relies on Pacific Mut. Life Ins. Co. of California v. Glaser, 245 Mo. 377, 150 S.W. 549, 550, 45 L.R.A.,N.S., 222, but we do not think the case supports appellant's position. The court there construed a statute providing that no misrepresentation made in securing a policy of insurance " 'shall be deemed material or render the policy void, unless the matter misrepresented shall have actually contributed to the contingency or event on which the policy is to become due and payable, * * *.' " The suit was for cancellation of the policy before any claim had arisen. The court said that the statute applied only to cases where the event on which the policy is to become a claim had actually happened, and that in the case before the court the rights of the parties "are to be settled under the general law as though the statute did not exist." The application for the policy involved in that case contained these words, " 'I hereby warrant that all the foregoing statements and answers and all those that I make to the company's medical examiner are complete, true, and correct, * * *.' " The court said that it was a generally accepted doctrine that where the application is part of the contract and warrants the answers and statements therein to be true and complete, such statements are warranties and a breach thereof would be fatal to the policy, though the insured had no knowledge of their falsity and did not intend to deceive the insurer.

In our case appellee testified that he did not write the answers to the questions in the application and did not read the application before signing it; and that he made truthful answers to all questions asked him in so far as he understood the questions.

■ Appellant does not attack the sufficiency of the evidence to support the findings that appellee did not know that his representations were fasle when he made them, or the findings that they were not made with intent to deceive. Whatever

might have been the rule of decision had we no statutory provisions governing the question, it cannot now be said that appellee's statements, in absence of fraud as "fraud" has been construed in this connection, may be deemed warranties. And since, as shown by the authorities cited above, a case of fraud is not made out unless it be shown that the insured knew his representations were false and that he made them with intent to deceive the insurer, appellant failed to establish all the essentials requisite to a cancellation of the contract.

We think our holding renders it unnecessary to dispose of other matters brought forward for review; but we have considered all of appellant's contentions and find no error.

The judgment is affirmed.