**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,**

v.

**Homer H. LEE, Brook J. Jones and J. Fred Jones, her husband, Appellees.**

**Brook J. JONES and J. Fred Jones, her husband, Appellants,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.**

No. 21560.

United States Court of Appeals
Fifth Circuit.

March 16, 1965.

Rives, Circuit Judge, dissented.

Marion R. Shepard, Raymond Ehrlich, Mathews, Osborne & Ehrlich, Jacksonville, Fla., for appellant.

Dean Boggs, Jacksonville, Fla., W. H. Wilson, Jr., Milo I. Thomas, Jr., Lake City, Fla., Boggs, Blalock & Holbrook, Jacksonville, Fla., for appellees.

Before TUTTLE, Chief Judge, RIVES, Circuit Judge, and DYER, District Judge.

DYER, District Judge:

In this appeal, we are called upon to decide whether an insurer is precluded from rescinding a liability policy for a false and fraudulent representation, material to the risk, knowingly made in an application which was not attached to or made a part of the policy, because of the so-called integration clause and statements contained in the policy. The district court held against the insurer. We disagree and reverse.

Plaintiff State Farm's complaint for declaratory relief alleged that in his application the insured, defendant Lee, was asked if he had any physical defect and he answered "no," when in fact he had suffered from birth with epilepsy. It was alleged that this representation was false and fraudulent; that this was known to the insured, but unknown to the plaintiff; that the representation was relied upon by the plaintiff and was material to the risk; and if plaintiff had known the facts it would not have issued the policy to Lee, or would not have issued it at the same rate.

It was further alleged that while Lee was driving his automobile he collided with an automobile being driven by defendant Brook J. Jones, as a result of which both drivers were seriously injured.

Plaintiff sought a declaration that its policy issued to defendant Lee had been properly rescinded; that it owed no obligation to Lee and was not obligated to pay any judgment that might be obtained against him.

Defendant Lee defaulted. Defendants Brook J. Jones and J. Fred Jones, her husband, answered admitting the issuance of the policy, but otherwise alleged that they were without knowledge. With their answer, they moved for judgment on the pleadings, which was granted.

In the introductory paragraph of the policy, it is stated:

"In consideration of the premium paid, and in reliance upon the declarations made a part hereof, the company agrees," etc.

The policy also contained the following integration clause:

"10. DECLARATIONS. By acceptance of this policy the insured named in the declarations agrees that the statements in the declarations are his agreements and representations, that this policy is issued in reliance upon the truth of such representations and that this policy embodies all agreements existing between himself and the company or any of its agents relating to this insurance."

Do these provisions of the policy preclude the plaintiff from relying upon fraud and the concealment of a material fact knowingly made in the application not made a part of the policy which *induced* the plaintiff to make the contract? We think not.

We are not here dealing with representations which entered into and became a part of the contract, but with those representations which formed the inducement to contract and did not enter into it.

█ It has long been a well settled general rule that an intentional misrepresentation of a material fact by the applicant for a policy, relied upon by an insurer, is a ground for rescission. Apperson v. United States Fidelity and Guaranty Co., 5 Cir. 1963, 318 F.2d 438.

█ We found this to be the Florida rule in New York Life Insurance Co. v. Strudel, 5 Cir. 1957, 243 F.2d 90. Later in Metropolitan Life Insurance Company v. Fugate, 5 Cir. 1963, 313 F.2d 788, after reviewing our decisions in the Madden cases, Metropolitan Life Insurance Co. v. Madden et al., 5 Cir. 1941, 117 F.2d 446, and Madden v. Metropolitan Life Insurance Co., 5 Cir. 1943, 138 F.2d 708, 151 A.L.R. 984, and Prudential Insurance Co. v. Whittington, Fla.App. 2, 1957, 98 So.2d 382, we concluded that a false rep-

resentation material to the risk made with a conscious intent to deceive voided the policy. The corollary that such misrepresentations need not be expressed but may be by way of fraudulent concealment of a material fact was settled in Massachusetts Bonding and Insurance Co. v. Hoxie, 1937, 129 Fla. 332, 176 So. 480.

█ The defendants counter with the assertion that the application relied upon does not provide that the statements made therein are made as an inducement to the company to issue the policy. This argument loses force when it is observed that above Lee's signature on the application the following appears:

"The undersigned hereby applies for the insurance indicated and represents that the statements on both sides of this application are correct. * * *"

Leaning heavily on Prudential Insurance Company of America v. Prescott, 1937, 130 Fla. 11, 176 So. 875; Thompson et al. v. N. Y. Life Insurance Company, 1940, 143 Fla. 534, 197 So. 111 and Sovereign Camp, W.O.W. v. MacDonald, 1919, 76 Fla. 599, 80 So. 566, the defendants argue that the statements in the application are unavailable to the plaintiff. In Prudential there was a clause in the policy which provided:

"This policy contains and constitutes the entire Contract between the parties hereto, and all statements made by the insured shall in the absence of fraud be deemed representations and not warranties, and no statement shall avoid the policy or be used as a defense to a claim thereunder unless it be contained in the application for the policy *and unless a copy of such application be endorsed upon or attached to the policy when issued.*"

The application was not attached to the policy and the court held that the company was bound by its agreement that it would not rely upon statements in the application to avoid the policy.

In Thompson and Sovereign Camp, W.O.W., there was an explicit statement

in the policy that the application was made a part thereof.

In these cases, unlike the one sub judice, no difficulty of interpretation was presented. They, however, do not stand for the proposition that absent an express agreement in the policy that representations in the application will be relied upon, the insurer is precluded from doing so.

██ Defendants argue, however, that the integration clause means that the insurer is precluded from premising a rescission on false and fraudulent representations in the application. It seems clear to us that this clause simply designated what factual statements (the declarations) the insured was willing to agree should be treated as warranties and nothing more.[1] In view of Sec. 627.01081, Florida Statutes, F.S.A.,[2] enacted in 1959, this probably can no longer be accomplished in Florida, but this does not change the fact that the clause was never meant to reach out and obliterate the representations made in the application which formed the inducement to the insurer to issue its contract.[3]

In Harris v. State Farm Mutual Automobile Insurance Co., 6 Cir. 1956, 232 F.2d 532, relied upon by the defendants, the insured had a scar on his brain, of which he was not aware, and as a result thereof suffered from epilepsy. In a suit by judgment creditors, it was held that the insurer was not entitled to rescind the policy because of an *innocent* representation by the insured in the application that he had no physical defects.

The court, after noting that the policy contained an integration clause identical to the one here in suit, said:

"Of course, a fraudulent representation in the application inducing the execution of a policy of insurance can generally be availed of to avoid the policy, just as any contract can be avoided for fraud ab initio. And it may well be that under Section 6086 of Williams' Tennessee Code Annotated, above mentioned, the insurance company in this case, if it had not expressly agreed otherwise, could rely, as a defense, upon the statements in the application, which were false but not fraudulent, * *. But the insurance company, in this case, in its contract of insurance, foreclosed itself from relying on the statements in the application by its stipulation that the policy itself embodied all the agreements between the company and the insured. Mere false representations in an application for insurance, *as distinguished from a fraudulent inducement or procurement* of a policy of insurance, cannot be relied upon when the insurance contract, by its express terms, provides that the policy itself embodies all the agreements between the parties. The application in this case was no part of the contract of insurance.

1. Selph v. Hanover Fire Insurance Co. of New York, 1944, 154 Fla. 287, 17 So.2d 220.

2. "Representations in applications
All statements and descriptions in any application for an insurance policy or annuity contract, or in negotiations therefor, by or in behalf of the insured or annuitant, shall be deemed to be representations and not warranties. Misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy or contract unless either:
(1) Fraudulent; or
(2) Material either to the acceptance of the risk, or to the hazard assumed by the insurer; or

(3) The insurer in good faith would either not have issued the policy or contract, or would not have issued it at the same premium rate, or would not have issued a policy or contract in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been made known to the insurer as required either by the application for the policy or contract or otherwise."

3. Pennsylvania Threshermen & Farmers' Mutual Casualty Insurance Company v. Koltunovsky, Fla.App.3, 1964, 166 So.2d 462.

\* \* \* \* \* \*

"On our review of the whole case, it may be said that if epilepsy were a physical defect instead of a disease, the insured's representation that he had no physical defect would have supported a finding of fraudulent misrepresentation to the insurance company, avoiding the policy. If the application wherein the insured innocently stated that he had no physical defect had been made a part of the 'Declarations' of the policy of insurance, it would have also avoided the insurance because, though innocent, it was false, and increased the risk. To avail itself of insured's statement that he had no physical defect, the insurance company would either have to show that *it was made with intention to defraud,* or that such representation was a part of the policy.

\* \* \* \* \* \*

"It is our conclusion that there was no proof that the insured by any statement in his application, was guilty of *fraudulent misrepresentation* inducing the contract of insurance; \* \* \* ."

In the context of the question here presented, Harris stands for no more than that the "Declarations" clause prevented the insurer from relying on an *innocent* as distinguished from a *fraudulent* misrepresentation.

In State Farm Mutual Automobile Insurance Co. v. Butler, 1962, 203 Va. 575, 125 S.E.2d 823, the court had before it the same integration clause with which we are here concerned. The action was by a judgment creditor and in reversing a judgment against the insurer the court said:

"In striking the defendant's evidence the trial court sustained the plaintiff's contention that the effect of this provision (the declarations clause) was to exclude and render inadmissible the answers to the questions detailed in the application and prevent the Insurance Company from relying thereon. The argument is that according to the provision the 'statements in the declarations' are the 'agreements and representations' of the insureds; that the policy was 'issued in reliance upon the truth of the representations' and 'embodies all agreements existing between' the insureds and the Insurance Company; and that the statements in the application are not a part of the declarations or of the policy.

"We *do not agree* with this ruling of the trial court. We are not here concerned with what constitutes the policy contract between the parties, its terms, or their proper interpretation. Had that been our problem we might have been called upon to say whether under the above provision the statements in the application were excluded as a part of the policy. Here we are concerned with whether, as a matter of law, the parties entered into any valid and binding contract of coverage for the automobile described in the policy. According to the uncontradicted evidence before us, the binder coverage and the policy upon which the plaintiff relies were procured through the fraud of the insureds, the Ritchies, and hence were void. Whether the Ritchies were guilty of fraud in procuring this coverage depends not upon the terms of the policy, but upon proof of matters beyond and outside that instrument. \* \* \* "

The court took pains to point out that this was not inconsistent with the view expressed in Harris.

In considering a similar integration clause in State Farm Mutual Automobile Insurance Company v. West, D.C.D.Md., 149 F.Supp. 289, the court held that a policy could be rescinded for fraudulent misrepresentations in the application.

Here the complaint alleged fraud and concealment in the application. We hold that the integration clause does not preclude plaintiff's reliance upon fraudulent misrepresentations and concealment

which induced it to issue the policy. It is entitled to present these issues and the judgment rendered against it on the pleadings must be reversed.

The defendants, Brook J. Jones and J. Fred Jones, have cross-appealed the district court's denial of an allowance of a reasonable attorney's fee which they sought by virtue of Section 627.0127, Florida Statutes, F.S.A.

In view of the disposition made by us on the principal appeal, we do not reach the question presented by the cross-appeal.

The judgment is reversed and this cause remanded for further proceedings not inconsistent with this opinion.

RIVES, Circuit Judge (dissenting).

By policy provision the declarations were attached and made a part of the policy. The company's insurance agreement was expressly made "in reliance upon the declarations." Again it was provided that "this policy is issued in reliance upon the truth of such representations," and that the policy embodies all agreements between the parties.

To constitute a ground for avoiding the policy, a misrepresentation must have been relied on by the insurer. Agreements limiting the grounds on which policies may be contested are favored in the law, and the courts construe such agreements, if ambiguous or at all uncertain, in favor of the insured. See 22 A Am. Jur. Insurance, § 1107. In my opinion, the parts of the policy quoted in the majority opinion should be reasonably construed to mean that the policy was issued in reliance upon the representations attached and made a part of the policy and upon no other representations; in brief, that the parties contracted as to what representations were relied upon by the insurer. I agree with the learned district judge and would hold that the policy precludes the insurance company from avoiding its obligation by claiming reliance on any representation not attached to and made a part of the policy. With deference, I respectfully dissent.