MASSACHUSETTS BONDING & INSURANCE Co., a foreign corporation, v. S. D. WILLIAMS, as administrator of the estate of Eppes Tucker, deceased.

167 So. 12.
Opinion Filed March 30, 1936.

*McKay, Macfarlane, Jackson & Ramsey,* for Plaintiff in Error;

*Dayton, Dayton & Dayton,* for Defendant in Error.

PER CURIAM.—Eppes Tucker, on May 7, 1934, filed his declaration against the Massachusetts Bonding & Insurance Co., alleging substantially that defendant, in consideration of the payment of a premium and a policy fee, undertook to insure plaintiff, during the life of the policy, against the effects resulting directly and exclusively of all other causes from bodily injuries sustained solely through external, violent and accidental means, exclusive of suicide, in the sum of $100.00 a month for a period not exceeding five years, where the injury alone within five days after the accident wholly and continuously disables the insured from performing any and every duty pertaining to his occupation as lawyer, for the continuous period of total loss of time caused thereby; that during the life of the policy,

plaintiff was struck down by an automobile in Hillsborough County, Florida, causing him to sustain a fractured skull, concussion of the brain, a fractured vertebra, third lumbar, injury to vertebra of the neck and internal injuries, by reason of which plaintiff has been wholly and continuously disabled from transacting any and every kind of business pertaining to his said occupation from the date of injury until the filing of this suit; that plaintiff has complied with all the terms, conditions and provisions of said policy, but defendant has refused to pay plaintiff the sum of $100.00 per month from the date of injury to the date hereof, and defendant has refuted all liability on its contract of insurance; that, by necessity, the claim was placed in the hands of an attorney for collection, and plaintiff is entitled to be indemnified for a reasonable compensation to be paid as attorney's fees; wherefore plaintiff claims $2500.00 damages. The policy of insurance was attached to the declaration as an exhibit.

To this declaration, defendant filed four pleas.

The first and second pleas are practically the same, although each alleges plaintiff's fraud in slightly different language. These pleas allege substantially that plaintiff signed and delivered to defendant an application for insurance containing the following printed question:

"7. Have you ever been declined, postponed, restricted or rated up for life, accident or health insurance, or have you ever had any such insurance cancelled or renewal thereof refused?" and plaintiff's answer to the question was: "No"; that the application contained a stipulation to the effect that the answers to the questions were made to induce issuance of the policy and that the applicant's right to recover should be forfeited if any answer was false, and made with the actual intent to deceive, and affected the risk

assumed by the Company; that the application was part of the policy, and that the policy and the papers attached thereto contained the entire contract between the parties; that applicant, at the time when applying to defendant for this insurance, had had policies cancelled by the following companies: U. S. Fidelity & Guaranty Co., of Baltimore, Maryland, cancelled June, 1930; Federal Life Insurance Co., of Chicago, Illinois, cancelled 1930; North American Accident Insurance Co., of Chicago, Illinois, cancelled in 1931; New Amsterdam Casualty Co., of Baltimore, Maryland, cancelled in 1931; and the Pacific Mutual Life Insurance Co., of Los Angeles, California, in January, 1932, rejected plaintiff's application for insurance; that plaintiff's answer to said question was wholly false and untrue, thus materially affecting the risk assumed by defendant; and defendant denies any liability under the policy, and tenders the court the sum of $4.30 paid by plaintiff to defendant.

The third and fourth pleas are likewise practically the same. They allege substantially that one of the questions in the application was as follows:

"Have you in the past five years had medical or surgical advice or treatment or any departure from good health?" and plaintiff answered: "Yes"; And the next question was as follows: "If so, state when and what, and duration" and plaintiff answered: "In the month of April, 1930, automobile injuries—fully recovered. Duration of ailment two months."; that the application contained a stipulation to the effect that the answers to the questions were made to induce issuance of the policy, and that applicant's right to recover should be forfeited if any of the answers were false, and made with the actual intent to deceive, and affected the risk assumed by the Company; that the duration of the ailment from said automobile injury was more than

two months for which disability plaintiff received $1500.00 from the New Amsterdam Casualty Co., on a $40.00 per week disability policy, and $800.00 from the U. S. Fidelity & Guaranty Co. on a $25.00 per week disability policy; that the answer of plaintiff to said question was wholly false and untrue and materially affected the risk assumed by the defendant; and defendant denies any liability under the policy, and tenders the court the sum of $4.30 paid by plaintiff to defendant.

Plaintiff filed replications to the first and second pleas alleging substantially that the agent of the defendant Company wrote down the answers to the questions after making verbal inquiries of plaintiff and plaintiff had answered verbally; that when said agent propounded the seventh question, plaintiff answered it in the affirmative, and told the agent that he had insurance cancelled by the following companies: U. S. Fidelity & Guaranty Co., of Baltimore, Maryland; Federal Life Insurance Co., of Chicago, Illinois; North American Accident Insurance Co., of Chicago, Illinois; New Amsterdam Casualty Co., of Baltimore, Maryland; and that the Pacific Mutual Life Insurance Co., of Los Angeles, California, rejected plaintiff's application and declined to grant him insurance; that the agent did wilfully and without the knowledge, consent or acquiescence of the plaintiff insert "no" in answer to said question; that plaintiff signed said application believing the agent had correctly reported all of the facts given in reply to the questions; and plaintiff did not learn that said question was answered "no" until after receiving said injuries; that plaintiff denies answering falsely the above mentioned question or that he wrongfully concealed from defendant the fact that other insurance companies had cancelled policies

on him; and denies that the alleged false statement materially affected the risk.

Plaintiff joined issue on the third and fourth pleas.

Defendant filed a demurrer to plaintiff's replications to the first and second pleas, which demurrer was overruled by the court.

Trial of the issues was had on October 11, 1934.

After introduction of all the evidence, defendant made a motion that the court instruct the jury to find for the defendant. The court denied the motion.

After the arguments of counsel and the instructions of the court were heard, the jury required a verdict in favor of plaintiff, assessing his damages at $1,123.31 and awarding him $160.00 as attorney's fees.

Defendant's motion for a new trial was denied by the court on March 15, 1935.

Upon motion of the defendant stating that Eppes Tucker died intestate about March 21, 1935, after judgment was rendered but before writ of error was taken, and that thereafter S. D. Williams was appointed and is now duly qualified and acting as Administrator of the estate of Eppes Tucker, deceased, the court ordered that the cause be revived in the name of S. D. Williams, as Administrator of the estate of Eppes Tucker, deceased, and that his name be inserted as party plaintiff in the cause.

Final judgment in favor of plaintiff was entered on the verdict of the jury.

From the final judgment, defendant took writ of error.

The seventh question in the application for insurance asked whether the applicant had ever been declined, postponed, restricted or rated up for life, accident or health insurance, or whether any such insurance was ever cancelled or any renewal thereof refused. The answer written

in by the agent who solicited the insurance was "no." The first and second pleas set up the false answer to this question as a defense to the action. Replications were filed to these pleas, admitting that the answer written in the application was false; but that the agent did not write in the answer given by applicant to the effect that insurance policies in certain named companies had been cancelled and application in another company had been refused. To the replications, a demurrer was filed, which was overruled by the trial court.

If statements written by the agent of the insurer in the application do not correspond with the representations actually made by the insured, he is not precluded by them; and this is true whether the false answer was inserted through mere negligence or mistake, Bennett v. Agricultural Insurance Co., 106 N. Y. 243, 12 N. E. 609, or was deliberately inserted by the agent. Germania Fire Insurance Co. v. McKee, 94 Ill. 494; 5 Cooley's Briefs on Insurance (2d Ed.) 4107. The replications stated a good reply to the defense set up by the pleas, and if proven would, in the absence of any other valid defenses interposed by defendant, entitle plaintiff to recover, provided the material allegations of the declaration were proved. Therefore the demurrer to the replications was properly overruled.

The fact that the insured was injured by the means insured against and during the period of protection under the policy, and that the insured was thereby prevented from practicing his profession as a lawyer is not contested and is not made an issue in this case.

There was conflicting evidence as to whether applicant gave the agent the answer set forth on the application. Applicant testified that he answered the seventh question "yes," and went on and gave the names of the companies

that had cancelled policies on him, just as set up in the replication; and that he told the agent he was not eligible for insurance, and that the insurance comapnies would not carry him if he told about the cancellations of his policies. Mr. Sneed, the agent who solicited the application for insurance, testified that the applicant gave him the answers that were written down on the application; but that he had no recollection of what the answers were; that he could not have told what the answers were unless he looked at the application blank. There was conflict in the evidence as to this issue; and the trial court properly refused to grant a directed verdict in favor of defendant at the close of the evidence.

There is no doubt but that the answer to this question was material. If the insured gives truthful answers to questions contained in the application, and the agent of the insurer, either through fraud or mistake, inserts untrue answers in the application, the insurer cannot insist on breach of warranty, but is estopped from making such defense. See Mutual Life Insurance Co. v. Wilkinson, 13 Wall. 222, 20 L. Ed. 617; American Life Insurance Co. v. Mahone, 21 Wall. 152, 22 L. Ed. 393; Lueder's Executor v. Hartford Life & Annuity Insurance Co., 12 Fed. 465; Sawyer v. Equitable Accident Insurance Co., 42 Fed. 30; Mutual Benevolent Life Insurance Co. v. Robinson, 58 Fed. 723, 22 L. R. A. 325. The jury was, under the circumstances, warranted in finding that the oral answer given by plaintiff to question number seven was true, but that the agent in transcribing it put down an incorrect answer; and consequently the insurer was not permitted to deny its liability on the policy of insurance.

It is contended by the insurer that the applicant was neg-

ligent in not reading the application before signing it; but that contention is without merit.

"The insured is not chargeable with such negligence as will render him liable for false answers inserted by the agent merely because * * * he signed an application filled out by the agent, without reading it." 5 Cooley's Briefs on Insurance (2nd Ed.) 4136 and cases cited.

The contention that it is violative of the parol evidence rule to permit introduction of evidence to show that the answer inserted in the application by the agent was not the answer given by the insured, is without merit. Parol evidence is admissible to show that the answer written in the application is not the answer given by the applicant, on the ground that the statements are not those of the insured and he may show their true character. To hold otherwise would be to make a rule of evidence adopted as a protection against fraud an instrument of the very fraud it was intended to prevent. See Union Mutual Life Insurance Co. v. Wilkinson, 13 Wall. 222, 20 L. Ed. 617; American Life Insurance Co. v. Mahone, 88 U. S. 152, 22 L. Ed. 593; New Jersey Mutual Life Insurance Co. v. Baker, 94 U. S. 610, 24 L. Ed. 268.

The third and fourth pleas assert as a defense that plaintiff's answer to a question about his medical history stating that his disability after the accident of April, 1930, was of two months duration was false and fraudulent. Issue was joined on these pleas.

The only affirmative evidence offered by defendant to prove the issue made by these pleas was a copy of a declaration filed by Eppes Tucker against the New Amsterdam Casualty Co. on January 28, 1931, which contained an allegation to the effect that plaintiff was injured in April, 1930, and that total disability continued until the filing of the

declaration. That case never came to trial as it was compromised and settled out of court. So the allegation above was not proven in court and was not judicially determined to be a fact. Eppes Tucker did not sign the declaration; and it was not shown that he was responsible for the above allegation being made in the declaration.

The only other evidence as to the duration of the injury suffered in April, 1930, was from the plaintiff himself, who testified that his total disability from that accident lasted a few months; and again in another place he testified that it lasted four or five months. Plaintiff testified that he compromised with the New Amsterdam Casualty Co. for approximately $1500.00 on a $40.00 a week policy, and compromised with the U. S. Fidelity & Guaranty Co. for approximately $800.00 on a $25.00 a week policy for that injury. Subsequently, with the court's permission, plaintiff made the following correctional statements:

"I made a mistake this morning before dinner. I made a statement I had been totally disabled for a period of four or five months. I made that statement under the pressure of Mr. Jackson and it is wrong. I don't know how long I was disabled, and the amount of money recovered was to cover lawyers' fees and hospital bills. Those policies provided I was to have $100.00 a month hospital bills, and to pay all my expenses; those two policies did, and the amount that I received was to cover that amount and the hospital bills and my lawyers' fees and all other expenses, and not for the length of time that I was ill."

The question as to whether plaintiff actually suffered an injury by an accident in April, 1930, was answered truthfully and was so recorded in the application. The only question is the duration of the ailment. Does that question mean the duration of the ailment so as to prevent the in-

sured from practicing the profession of law; or does it mean the duration of the ailment so as to prevent the insured from performing physical feats he once performed? The meaning of the question is conjectural, and for all we know the insured may have taken it to mean the former and have answered it accordingly.

In the case of Union Insurance Co. v. Wilkinson, 13 Wall. 222, 20 L. Ed. 617, the insured was asked if she had ever had a serious personal injury to which she replied "no." About five or six years prior to making the application she was injured seriously by a fall from a tree. Under the Iowa practice, the jury determined whether the injury was of serious character and they decided it was not. The U. S. Supreme Court held in that case that the seriousness of the injury was not to be determined exclusively by the impression of the matter at the time, but its more or less prominent influence on the health, strength and longevity of the party is to be taken into account, and the jury are to decide from these and the nature of the injury, whether it was so serious as to make its non-disclosure avoid the policy.

The instant case did not involve the non-disclosure of an injury but only the duration of an already disclosed injury. There was conflicting evidence as to whether the injury lasted longer than two months, and the jury was the proper body to determine the truth or falsity of the testimony. There was testimony upon which they might have found that the injury did not last longer than two months; and this Court cannot invade the province of the jury to say that we would have come to another conclusion from the evidence.

The trial court refused to direct a verdict in favor of defendant and denied a motion for new trial, thus settling

the issues of fact. Since no material errors of law or of procedure are made to appear, the judgment is hereby affirmed.

WHITFIELD, C. J., and TERRELL, BROWN, BUFORD, and DAVIS, J. J., concur.