**LYKES BROTHERS, INC., a corporation, v. ROBERT C. BIGBY**

21 So. (2nd) 37                                            January Term, 1945
February 20, 1945                                              En Banc
Rehearing denied March 13, 1945

McKay, Macfarlane, Jackson & Ferguson and W. H. Jackson, for appellant.

Carl H. Moseley, Donald C. McMullen & Sons, for appellee.

ADAMS, J.:

Appellee, an inspector of marks and brands, sued Lykes Brothers for inspection of cattle and hogs at the latter's abattoir.

The action was defended upon the grounds that appellee was appointed and acting under an unconstitutional act and for that reason he could not recover. Second, that appellee failed to perform his duties by reason whereof he was barred from recovery. The next relates to a part of the claim, namely, a portion of the cattle was shipped via truck from Lykes Brothers' ranch in a near by county in Florida and before the cattle left the ranch they were recorded by the

resident recorder and a copy was transmitted along with the cattle to the abattoir; that the copy thus transmitted was available to appellee and as to such cattle there was no purpose or requirement of law to further inspect or record. Fourth, that the alleged inspection and recording was done by a deputy and appellee had no power to appoint a deputy.

When all the testimony was in, the court directed a verdict in favor of appellee for recording and inspecting the cattle and also for his statutory mileage. Previously the court had ruled against a recovery for inspecting and recording the hogs.

Lykes Brothers appeal and appellee has filed cross assignments of error.

The first attack upon the statute is that Chapter 534, F.S. '41, must go down under the inhibition of Section 20 of Article III of our Constitution.

Appellant says, and quite right, that the statute makes the inspector an officer; after it fixes his jurisdiction and duties and denounces as a crime his failure to perform his duties. The application of the statute is limited to those areas where an inspector may be appointed pursuant to Sec. 534.04, F.S. '41. Consequently, the statute does not operate throughout the entire State. For that reason, must it be stricken down under Section 20, Article III of the Constitution, which is a limitation only against special or local laws in enumerated cases? We think not. Uniformity of operation as required by our Constitution does not require universality of operation. See State ex rel. Buford v. Daniel, et al., 87 Fla. 270, 99 So. 804.

The second question is posed upon the hypothesis that the plaintiff utterly failed to perform his official duty and for that reason he should not recover. We agree with the trial judge that a substantial performance of official duty was shown, and, for that reason, recovery should not be denied. See 43 Am. Jur. Public Officers, Sec. 379, page 161.

The third question presented is whether Lykes Brothers' own cattle, which are duly recorded and loaded on trucks in a near by county and immediately transported to their own abattoir for slaughter are, also, required to be inspected and

recorded at the time and place of slaughter. The cattle were located in the State but were loaded and recorded in one county and transported into another county for slaughter. Lykes Brothers rely upon Chapter 20,968, General Laws of 1941, being Sec. 534.42, F.S. '41, reading:

"In all cases where under existing law an inspection of the marks and brands of livestock has been made and the same recorded as provided by law, no other or further inspection or record thereof shall be required, provided, however, that in any sale, delivery or other transaction, affecting such livestock, whether alive or slaughtered, a duly authenticated copy of such original inspection and record thereof shall be furnished and exhibited by the person, firm or corporation owning or in possession of such livestock, to the person, firm or corporation to whom title of ownership or possession is transferred. Laws 1941, c. 20968, Sec. 1."

This Chapter recognizes all "existing law" relative to the "inspection of marks and brands of livestock." It relieved the need for an inspection when an inspection of like kind had already been made.

Sec. 534.06 provides for an inspection when cattle are driven from a county, or when driven through a county, or when shipped (by train or boat) from a county. Sec. 534.08 provides for an inspection of the "carcasses of cattle, sheep or goats slaughtered in his district." The duties, with respect to inspection and recording prescribed by Sec. 534.06, are entirely different from those prescribed by Sec. 534.08 et seq. Sec. 534.31 provides for still another type of inspection. Certainly the duties prescribed for inspectors where stock is to be driven or shipped from or through a county are not of like kind or "duplicate" of the duties of an inspector at a slaughter pen. Sec. 534.06 prescribes one method of inspection and recording for the particular purposes therein stated. Sec. 534.08 prescribes an entirely different method of inspection and recording based on an entirely different state of facts and for entirely different purposes.

It frequently happens that cattle are driven or transported through several districts. Prior to the enactment of Chapter 20,968, supra, an inspection was required to be made in each

district. The purpose of this slaughter was to dispense with the requirement to further inspect and record the cattle while they were in transit where the custodian had procured a lawful inspection at the place of departure. The inspector may construe Sec. 534.42 in connection with his other statutory duties. If he is not satisfied that the record of inspection accompanying the cattle in transit through his district is correct or bona fide then he may proceed to discharge his duty pursuant to Sec. 534.06 and 534.08. If it shall then appear that the record of inspection, which the inspector questioned, is correct and bona fide he shall have made the further inspection in vain. With the enactment of this Chapter, which is Sec. 534.42, much delay, some expense and a great deal of inconvenience is avoided in moving cattle through several districts.

Appellant next questions the right of the inspector to appoint a deputy. We need only say that the statute, Sec. 534.20, expressly grants such power. See 43 Am. Jur. Sec. 461, Public Officers, (page 219) for authority to appoint deputies generally.

Now we consider the cross assignment of error which relates to the denial of fees for inspecting the hogs. This question arises by reason of Sec. 534.10 providing for fees plus mileage for inspection of cattle, but is silent as to fees for hogs; whereas Sec. 534.31, F. S. '41, provides fees for cattle and for hogs also. The two sections are in conflict in regard to the amount of fees affecting cattle. Sec. 534.10 provides for fees of 15c per head on cattle where the number inspected is over twenty, plus mileage of 7c per mile. Sec. 534.31 provides for fees of 10c per head on cattle where the number inspected is over twenty but no mileage is provided. Sec. 534.31 was originally enacted in 1925; whereas Sec. 534.10 was originally enacted in 1931, however, they, both, were incorporated in the 1941 compilation of the Laws of Florida. Nevertheless we may look behind the revision to ascertain which Act was the last expression of the Legislature on this subject. See County Commissioners, Hillsborough County v. Jackson, 58 Fla. 210, 50 So. 423.

The Legislature determined, as a matter of public policy

that cattle and hogs should be inspected. To carry that policy into effect, an office was created but no provision was made to pay the officer except by fees. From the two Sections it is the apparent legislative intent to allow fees for inspecting both cattle and hogs. The only actual conflict in the Acts of 1925 and 1931 is in reference to the amount of fees on cattle. Sec. 534.10 being the latest expression on the subject, we hold that it prevails. Recovery may be had under Chapter 534, F.S. '41, for inspecting both cattle and hogs, together with mileage.

The judgment is reversed in part and affirmed in part with directions to enter a judgment for inspecting the hogs based upon the record consistent with this opinion.

Reversed in part and affirmed in part.

CHAPMAN, C. J., TERRELL, BROWN, BUFORD, THOMAS and SEBRING, JJ., concur.