## THOMASON v. AMERICAN FIRE & CASUALTY CO.

Circuit Court, Leon County.

March 30, 1954.

R. Worth Moore, Tallahassee, for plaintiff.

Donald O. Hartwell of Ausley, Collins & Ausley, Tallahassee, for defendant.

HUGH M. TAYLOR, Circuit Judge.

Plaintiff Ruth A. Thomason sued defendant American Fire & Casualty Co. to recover under the terms of an insurance policy for damages to an automobile allegedly resulting from theft. Defendant answered, and on motion for summary judgment it appears that as to the facts there is no real controversy between the parties.

Plaintiff was the owner of an automobile which defendant insured against "loss of or damage to the automobile . . . . caused by theft, larceny, robbery or pilferage."

It appears that plaintiff employed Louis Bivings to wash and polish her car, giving him permission to take it to his home for that purpose. He promised her he would return it between noon and 1 o'clock on that day. Without her authority he used the car for his own purposes, did not return it at the time agreed upon. Later in the afternoon he was apprehended by the police on her complaint, was found to be drinking and was prosecuted for being drunk and for using the motor vehicle of another without the owner's consent.

While the car was in his possession it was materially damaged and plaintiff in this action seeks to recover for such damage.

Plaintiff contends that under section 811.021, Florida Statutes 1951, the act of Bivings amounted to a larceny and, therefore, constituted theft or larceny within the terms of the insurance policy sued upon. The court cannot agree.

Section 811.021 provides that—"a person who, with intent to deprive or defraud the true owner of his property or of the *use* and benefit thereof, or to appropriate the same to the *use* of the taker . . . . having in his possession, custody or control as a bailee . . . . any . . . . property . . . . appropriates the same to his own use . . . . steals such property and is guilty of larceny." (Italics added.)

If the word "use" or the phrase "use and benefit" as employed in the statute is construed to mean any casual or temporary use—no matter how limited as to extent or time such use may be—then plaintiff's position is correct. But this is a criminal statute and must be construed strictly, and it must be construed in the light of the evil sought to be remedied. The statute deals with the subject of larceny—and an intent *permanently* to deprive the owner of his property has been an essential element of larceny "since the memory of man runneth not to the contrary."

The real purpose of the statute was to eliminate technical distinctions between the offenses of larceny, embezzlement and obtaining money under false pretenses. Prior to the enactment thereof in 1951 it was not uncommon for a criminal prosecution to become confused and sometimes result in a miscarriage of justice because of the fine line of demarcation between these offenses as they had previously been defined by the legislature and the courts. The history of the times and of the particular legislation involved clearly indicates that the intent of the legislature was to eliminate this confusion and to simplify prosecutions involving the wrongful and criminal acquisition by one person of the property of another.

I am of the opinion that the statute in question does not clearly indicate an intent to change the pre-existing law which made an intent *permanently* to deprive the owner of the *use* of his property an essential element of larceny, and that the word "use" and the phrase "use and benefit" should be construed as meaning "permanent use and benefit."

If there were any doubt as to the correctness of this conclusion it would be removed by the fact that the chapter of which section 811.021 is a part (ch. 26912, Acts of 1951) expressly provides that it shall not be construed as in any way altering, modifying or re-

pealing section 811.21 which punishes as a misdemeanor only the temporary, willful and mischievous taking and using of the vehicle of another.

The facts before the court indicate that Bivings was lawfully entrusted with and became the bailee of plaintiff's car, that as such bailee he did not return the property as soon as he should have and used it for a purpose for which he should not have used it, but there is no showing whatever of any intent on his part permanently to deprive plaintiff of the use of her property. Consequently, there was no theft or larceny of the property, and the damage resulting from his misuse of the vehicle is not within the coverage of the policy.

Manifestly a temporary holding over by a bailee is not theft or larceny within the usual meaning of these words. Whether an insurer against theft may successfully defend a case involving a wrongful taking without an intent to steal is not decided. Such a case would require a consideration of what the parties intended by the use of the words chosen in writing the policy.

There being no real issue of fact, the application of the law here announced to the admitted facts requires entry of judgment for defendant. It is ordered that defendant's motion for summary judgment be and it is granted, that plaintiff take nothing by her complaint, that defendant go hence without day and that defendant recover from plaintiff its reasonable costs herein expended.