88 So.2d 918 (1956)
LEONARD C. ANGLIN, APPELLANT,
v.
NATHAN MAYO, CUSTODIAN, FLORIDA STATE PRISON, APPELLEE.
Supreme Court of Florida, Special Division A.
July 13, 1956.
Leonard C. Anglin, in pro. per., for appellant.
Richard W. Ervin, Atty. Gen., and David U. Tumin, Asst. Atty. Gen., for appellee.
THORNAL, Justice.
Appellant Anglin, who was petitioner below in a habeas corpus proceeding, seeks reversal of an order of the trial judge denying the writ and remanding him to the custody of the appellee, Custodian of the Florida State Prison.
The point for determination on this appeal is the legality of the sentence of the appellant in view of the apparent inconsistencies between Section 811.021, Florida *919 Statutes, F.S.A. and Section 817.01, Florida Statutes, F.S.A.
Appellant Anglin was informed against in the Circuit Court for Franklin County by an information in two counts, reading in part as follows:
"Leonard C. Anglin, did then and there designedly by false pretense, and with intent to defraud, obtain from another person property, to-wit: $10.00 from Ella Livingston and $10.00 from Gertrude Lee and $5.00 from Donella Beverly by promising to heal their illness and infirmities and then obsconding [sic] with their money, knowing that his promises to heal were false.
"Second Count:
"Leonard C. Anglin, did then and there practice the healing art without first having obtained a certificate or proficiency in the basic sciences, by professing to heal Ella Livingston for the sum of $10.00 and Gertrude Lee for the sum of $10.00 and Donella Beverly for the sum of $5.00."
Upon arraignment he pleaded guilty to the offense condemned by the first count and the second count was nolle prosequied. On September 26, 1955, he was sentenced to five years imprisonment in the State Prison under the first count of the information. When he began serving the sentence does not appear from the record. On March 26, 1956, appellant, without benefit of counsel, filed in the Circuit Court for Union County his petition for writ of habeas corpus contending that the information pursuant to which he was convicted was defective and that he had been denied counsel as well as a trial by jury. After hearing the matter, the Circuit Judge on April 14, 1956, found that the questions raised by the petition were not sufficient to justify the issuance of the writ of habeas corpus. The Judge thereupon denied the writ and granted to the appellant the right of appeal. Reversal of this order denying the writ is sought by this appeal.
By his brief filed in propria persona the appellant contends that the writ should have issued. By its original brief, the State contended that the court below properly denied the writ. However, by a supplemental brief, as we shall see, the Attorney General, with an admirable sense of justice, concedes that error was committed in the original sentence.
We have carefully reviewed the record presented to the trial judge in the habeas corpus proceeding. In fairness to him it should be stated here that the proposition of law announced by this opinion as the basis for reversal was not presented for his consideration. We find that on the questions actually presented to him, he ruled correctly. However, when the record and briefs came to this court for consideration, our examination thereof indicated that there was implicit in the original sentence an error which requires reversal even though the point was not presented below and was not originally argued here. It was at this stage that the appellant and the State were requested by this court ex mero motu to submit briefs on the legal problem which we hereafter discuss, and by the supplemental brief filed pursuant to this request, the State now concedes error in the sentence.
Ordinarily this court considers on appeal only those questions tendered by the record and argued by the parties in their briefs on the basis of errors properly assigned. However, historically, habeas corpus is a high prerogative writ. It is as old as the common law itself and is an integral part of our own democratic process. The procedure for the granting of this particular writ is not to be circumscribed by hard and fast rules or technicalities which often accompany our consideration of other processes. If it appears to a court of competent jurisdiction that a man is being illegally restrained of his liberty, it is the responsibility of the court to brush aside formal technicalities and issue such appropriate orders as will do justice. In habeas corpus *920 the niceties of the procedure are not anywhere near as important as the determination of the ultimate question as to the legality of the restraint. So it is in the case at bar that this court felt justified in raising on its own initiative the question of law hereafter discussed.
In the original brief filed here the State contended that the appellant pleaded guilty of the offense defined by Section 817.01, Florida Statutes, F.S.A., which reads in part as follows:
"Whoever designedly by a false pretense, or by a privy or false token, and with intent to defraud, obtains from another person any property, or obtains with such intent the signature of any person to a written instrument, the false making whereof would be punishable as forgery, shall be punished by imprisonment in the state prison not exceeding ten years, or by fine not exceeding five hundred dollars."
It should be noted that the penalty for violation of this Statute is imprisonment for not more than ten years or fine not exceeding $500. This Act was in the books for many years prior to 1951. Our own examination of the record, however, suggested a consideration of the effect of the passage of Chapter 26912, Laws of Florida, 1951, now cited as Section 811.021, Florida Statutes, F.S.A., upon the pre-existing Statute which we continue to cite as Section 817.01, Florida Statutes, F.S.A., and which continues to be included in the biennial revision of the Florida Statutes through 1955. Chapter 26912, Laws of Florida, 1951, Section 811.021, Florida Statutes, F.S.A., reads in part as follows:
"(1) A person who, with intent to deprive or defraud the true owner of his property or of the use and benefit thereof, or to appropriate the same to the use of the taker, or of any other person:
"(a) Takes from the possession of the true owner, or of any other person; or obtains from such person possession by color or aid of fraudulent or false representations or pretense, or of any false token or writing; or obtains the signature of any person to a written instrument, the false making whereof would be punishable as forgery; or secretes, withholds, or appropriates to his own use, or that of any person other than the true owner, any money, personal property, goods and chattels, thing in action, evidence of debt, contract, or property, or article of value of any kind; * * *
* * * * * *
"(3) If the value of the property stolen as mentioned in the preceding section is less than fifty dollars the offender shall be deemed guilty of petit larceny and upon conviction, shall be punished by imprisonment in the county jail not exceeding six months or by fine not exceeding three hundred dollars."
It is perfectly clear that Chapter 26912, supra, was a legislative revision of the laws condemning the offense of larceny by redefining various offenses theretofore defined by certain sections of our Statutes. It is also clear that the offense condemned by paragraph (1) (a) of Section 811.021, Florida Statutes, F.S.A., is a comprehensive revision of the offense previously condemned by Section 817.01, Florida Statutes, F.S.A., as well as other pre-existing Statutes. In other words, insofar as Section 817.01, Florida Statutes, F.S.A., is concerned, Section 811.021, Florida Statutes, F.S.A., a later Act, defines and comprehends the same offense. The primary difference is that under Section 817.01, Florida Statutes, F.S.A., the penalty was a maximum of ten years in prison or a fine of $500, whereas, under subsection (3) of Section 811.021, Florida Statutes, F.S.A., where the amount involved is less than $50, the offense is defined as petit larceny and *921 the prescribed punishment is a maximum of six months in county jail or a fine not to exceed $300.
The resultant importance of this situation to the appellant is obvious. If Section 817.01, Florida Statutes, has been superseded by Section 811.021, Florida Statutes, then the appellant could not have been legally sentenced upon his conviction under the first count of the information to a period of more than six months in county jail because the amount involved was less than $50. Actually, he was sentenced to five years in the State Prison.
We are of the view that the offense condemned by Section 817.01, Florida Statutes, F.S.A., is clearly comprehended by the offense condemned by Section 811.021, Florida Statutes, F.S.A., and that Section 811.021, supra, being a later enactment as well as a revision of the laws theretofore applicable to various offenses supersedes Section 817.01, Florida Statutes, F.S.A., and insofar as the appellant is concerned had the effect of providing a maximum penalty of six months in the county jail rather than five years in the State Prison.
We do not overlook the fact that both sections of the Statutes cited have been included in the biennial revisions of the Florida Statutes. However, we have held that where there is an inconsistency between sections of the Revised Statutes, we may look behind the revision to ascertain which Act was the latest directive of the Legislature on the particular subject. Lykes Bros. v. Bigby, 155 Fla. 580, 21 So.2d 37.
We have also consistently followed the well settled rule of statutory construction to the effect that where a Statute covers the whole subject matter of an earlier Act and it is evident that it was intended to be a revision of or a substitute for the earlier Act, then the later Statute operates as a repeal of the earlier Statute to the extent that its provisions are revised and supplied. This is so even though the later Statute contains no express words of repeal and despite the rule that implied repeals of Acts of the Legislature are to be invoked only under the most circumspect consideration and when no other conclusion can be reached. Sparkman v. State, 71 Fla. 210, 71 So. 34; State ex rel. Bradford v. Stoutamire, 98 Fla. 486, 123 So. 834. See also, People v. Borgeson, 335 Ill. 136, 166 N.E. 451; Sutherland Statutory Construction, 3rd ed., Sections 2011 through 2014; and Statutory Construction by Crawford, Section 326.
It is here pertinent to note that Section 6 of Chapter 26912, supra, specifically saves from repeal certain sections of the pre-existing Statutes and Section 7 of the same Act provides:
"All other laws except as specifically enumerated in the preceding section, inconsistent or in conflict herewith, be and the same are, hereby repealed." (Emphasis ours.)
Section 817.01, supra, was not one of the Acts specifically saved from repeal. Customarily, the general repealing clauses repeal prior Statutes "in conflict" with the subsequent Act. We deem it to be of some consequence that the repealing clause in Chapter 26912, supra, repealed not only prior Acts which were "in conflict" therewith but also prior Acts "inconsistent" therewith. Certainly Section 817.01, Florida Statutes, F.S.A., providing a penalty up to ten years in the State Prison was inconsistent with the later Act which prescribed a maximum jail sentence of six months in the county jail for the same offense.
Although admittedly not binding upon us as a precedent, we respect for its persuasive value the reported opinion of the Circuit Judge in Thomason v. American Fire & Casualty Co., 5 Fla. Supp. 129, wherein Section 811.021, Florida Statutes, F.S.A., was involved and wherein with reference thereto it was stated:

*922 "The real purpose of the statute was to eliminate technical distinctions between the offenses of larceny, embezzlement and obtaining money under false pretenses. Prior to the enactment thereof in 1951 it was not uncommon for a criminal prosecution to become confused and sometimes result in a miscarriage of justice because of the fine line of demarcation between these offenses as they had previously been defined by the legislature and the courts. The history of the times and of the particular legislation involved clearly indicates that the intent of the legislature was to eliminate this confusion and to simplify prosecutions involving the wrongful and criminal acquisition by one person of the property of another."
As pointed out in the forepart of this opinion, the Attorney General, by his supplemental brief, concedes that as to the crime charged in count one of the information before us, Section 811.021, Florida Statutes, F.S.A., must control. As stated above, the record shows that count two was nolle prosequied on order of the Circuit Judge after arraignment. We agree that there can be no question as to the guilt of the appellant under count one inasmuch as he actually pleaded guilty to the offense of petit larceny as defined by the applicable Statute, 811.021, supra. We do hold, however, that the maximum sentence that could be imposed upon him was imprisonment for not more than six months in the county jail or a fine not to exceed $300. We are not informed as to the amount of time that the appellant has been confined in the State Prison. However, it is obvious that his sentence was illegal for the reason that it exceeded the maximum allowed by law for the offense involved. It must therefore be corrected.
For the reasons hereinabove stated the order denying the issuance of the writ of habeas corpus is hereby reversed, with directions to the lower court to issue the writ and thereby direct that the appellant be immediately presented before the Circuit Court of Franklin County for proper and legal sentencing in accordance with this opinion. If the appellant has already served the maximum time prescribed by law, he will of course be discharged from custody by appropriate order of the Circuit Judge of Franklin County when the matter is presented to him.
Reversed and remanded.
TERRELL, Acting Chief Justice, and HOBSON and ROBERTS, JJ., concur.