**WOODMEN OF THE WORLD LIFE INSURANCE SOCIETY, Appellant,**

v.

**Sarah Estelle JACKSON, formerly Sarah Estelle Farris, Appellee.**

No. 16275.

United States Court of Appeals Fifth Circuit.

April 26, 1957.

Rehearing Denied June 14, 1957.

Wm. M. Howell, Charles Cook Howell, Jacksonville, Fla., Howell & Kirby, Jacksonville, Fla., of counsel, for appellant.

Jack F. Wayman, Jacksonville, Fla., for appellee.

Before TUTTLE, JONES and BROWN, Circuit Judges.

JONES, Circuit Judge.

The appellant, Woodmen of the World Life Insurance Society, is a fraternal benefit society. It issues life insurance contracts which it calls certificates rather than policies, for premiums which it calls payments. Roland M. Farris was issued a certificate of insurance in the amount of $3,000 by the Society in 1945. On August 4, 1954, Virgil P. Miller, District Manager of the Society, called at the Farris home and talked about an educational insurance certificate for the young son of Farris and his wife. This conversation being concluded, Miller discussed with Farris the need of the latter for additional insurance. An application was signed and a Preferred Risk Whole Life Certificate (which is substantially the same as an ordinary life policy, issued by a life insurance company) for $2,000, with a twenty-year term benefit rider in the amount of $3,000 attached, was later issued and delivered to Farris. Farris died on December 23, 1954, of heart failure. Farris had a rheumatic heart disease dating back at least as far as November 1, 1948. The Society declined to make payment of the amount of the Certificate and tendered the amount of the payments which Farris had made. The tender was refused. His widow, Sarah Estelle Farris brought suit on the Certificate and recovered judgment for $5,000 on the Certificate, $1,000 attorneys' fees, interest and costs. The Society has appealed. The plaintiff married while the suit was pending and she is before us as the appellee, Sarah Estelle Jackson.

The testimony was in sharp conflict as to what was said and done when the application for insurance was taken. Miller, the District Manager of the Society, testified that at the time of his meeting with Mr. and Mrs. Farris he had with him the form that was used in applying for insurance when no medical examination was had. Miller, so he testified, asked Farris the questions as they appeared on the form, and the answers of Farris were written down by Miller. The form shows the question, "Have you,

within the past ten years, had any mental or bodily disease or infirmity, or have you within that period of time, consulted, been attended or examined by a physician? If so, state which, when, giving full particulars and name of physician." Farris' answer, as noted by Miller, was "No." The form contained the question, "Are you now in good health to the best of your knowledge and belief? If not, give cause." Miller recorded Farris' answer as being "Yes." The form contained a request that the applicant "Give name and address of your personal physician". Farris' response, as written by Miller, was "None". The application contained the representation that "I have read each of the foregoing questions and the answers thereto, and represent that each of said answers is full, complete and true, whether written by my own hand or not." The answers to the questions quoted were untrue. Miller said that Farris signed an application in blank on which Miller, after returning to his office, typed in the answers as given to him by Farris and sent the application to the home office of the Society in Omaha.

The testimony of the widow of Farris, the beneficiary named in the certificate, was much different from that given by Miller. Her story was that Miller gave Farris the card of the doctor who was the examining physician for the Society. Farris stated that he had a rheumatic heart condition for which he had been treated some years before but he then felt fine. Miller stated he would put it through without a medical examination.

In addition to the recital that the applicant had read the questions and answers, the application contained the following provision:

"I have read each of the foregoing questions and the answers thereto, and represent that each of said answers is full, complete and true, whether written by my own hand or not.

"All statements purporting to be made by the applicant shall be deemed representations and not warranties.

"I further agree that no statement or information given by or to any person soliciting or taking this application, or by or to any other person, nor any knowledge possessed by any such person, shall be binding on this Society or in any manner affect its liability unless such statement or information be presented in writing to the Medical Director of said Society at the Home Office prior to the issuance of said benefit certificate, and agree that there shall be no liability on the part of the Society for the payment of benefits unless the applicant shall have made at least one monthly payment to the Society for the benefit applied for, and unless this application shall have been approved by the Medical Director of the Society."

The certificate contained, on the outer-fold, this notice:

"Important

"No Camp or officer thereof nor any employee or representative of this Society has authority to waive any of the conditions of this benefit certificate or of the Constitution, Laws and By-Laws of the Society."

The certificate was issued "in consideration of the application therefor, including the statement of insurability." A photostat copy of the application was attached to and made a part of the certificate. In Section 127 of the Society's Constitution and Laws it is provided:

"Sec. 127. (a) No employee, state manager, field man or agent of the Society or the Sovereign Camp, Head Camp or of any Camp, has the power, right or authority to waive any of the conditions upon which beneficiary certificates are issued, or to change, vary or waive any of the provisions of this Constitution or these Laws, nor shall any custom or course of dealing on the part of any Financial Secretary or of any Camp or any number of Camps—with or without the knowledge of any officer of the Society—have the effect of so changing, modifying, waiving or foregoing such laws or requirements. Each and every beneficiary certificate is issued only upon the conditions stated in and subject to the Constitution and Laws, then in force or thereafter enacted, nor shall the knowledge or act of any employee of this Society constitute a waiver of the provisions of these laws by the Society or an estoppel of this Society.

"(b) The Articles of Incorporation, the Constitution, Laws and By-Laws of the Society, the application and medical examination, or declaration of insurability, if accepted in lieu of medical examination, signed by the applicant, and all amendments to each thereof, the benefit certificate, and any riders attached thereto or endorsements made thereon by the President or Secretary of the Society shall constitute the contract between the Society and the member."

The widow beneficiary of Farris brought suit in the Florida court and the Society removed to the Federal district court because of diversity. The plaintiff, in her complaint alleged the issuance of the certificate, the death of the insured and the denial of liability by the Society. The Society answered asserting that the certificate was not in effect because of false statements and representations of the insured in his application. To this the plaintiff filed a reply asserting that the Society had waived and was estopped to assert the defense set forth in its answer because, it was alleged, full disclosures were made by the insured to Miller, the Society's authorized agent, and no false answers were given nor were any misrepresentations made, that premiums were accepted with knowledge of the insured's heart condition. At this juncture the Society moved, under Rule 15 Fed.Rules Civ. Proc., 28 U.S.C.A., to file an additional defense, inconsistent with its original defense as is permitted by Rule 8 Fed. Rules Civ.Proc. Leave of court being

given, the additional defense was filed and by it the Society asserted that Farris told Miller of the rheumatic heart condition and Miller processed the application without medical examination, all of which was fraud, collusion and concealment on the part of the insured barring recovery. When all of the evidence had been presented the court declined to submit the Society's additional defense to the jury.

The verdict of the jury having resolved the fact issues against the Society, it urges that reversal is required on three grounds; first, that the knowledge of the Society's agent Miller of the heart condition and medical history of the insured Farris is not attributable to the Society; second, that Miller and Farris perpetrated a fraud on the Society; and third, that attorneys' fees are not recoverable in Florida against a fraternal benefit society.

If the appellant were an insurance company we would have no doubt but that an affirmance would be required by the pronouncements of the Supreme Court of Florida. It has said:

"The law in this state is that when the agent of an insurance company fills in an application for insurance, his act in doing so is the act of the company. If the applicant fully states the facts to the agent at the time and the agent writes the answers incorrectly or contrary to the facts stated by the applicant, the company is estopped from making a defense in an action on the policy by reason of the false answer." Stix v. Continental Assur. Co., 147 Fla. 783, 3 So.2d 703, 704.

In the Stix case the court followed Massachusetts Bonding & Insurance Co. v. Williams, 123 Fla. 560, 167 So. 12, and distinguished Mutual Life Insurance Co. of New York v. Hilton-Green, 241 U.S. 613, 36 S.Ct. 676, 60 L.Ed. 1202. The rule was again announced in this language:

"In this jurisdiction it is well settled that if the insured gives truthful answers to questions contained in the application for life insurance, and the company's agent, either through fraud or mistake, inserts answers in the application which do not accord with the information given, the insurer cannot insist on breach of warranty, but is estopped from making such defense." Columbian National Life Ins. Co. v. Lanigan, 154 Fla. 760, 19 So.2d 67, 70.

In a later case, Gulf Life Insurance Co. v. Ferguson, Fla., 59 So.2d 371, procedural questions controlled the decision.

■ The appellant contends that as it is a fraternal benefit society the rule announced by the Stix case and those following it does not apply. By statute it is provided in Florida

"Except as provided in this chapter, [Fla.Stat.Ann. ch. 637], such societies shall be governed by this chapter, and shall be exempt from all provisions of the insurance laws of this state, not only in governmental relations with the state, but for every other purpose, and no law hereafter enacted shall apply to them, unless they be expressly designated therein." Fla.Stat.Ann. § 637.11.

The Society's Constitution and Laws, quoted *supra*, deny to its employees, state managers, field men and agents any power to waive any of the conditions upon which beneficiary certificates are issued. So also it is provided that the Articles of Incorporation, Constitution, Laws and By-Laws, the application and medical examination, or declaration of insurability, if accepted in lieu of medical examination, and the certificate shall constitute the contract. The statute authorizes such provisions. The statute declares:

"The constitution and laws of the society may provide that no subordinate body, nor any of its subordinate officers or members shall have the power or authority to waive any of the provisions of the laws and constitution of the society, and the same shall be binding on the society and

each and every member thereof and on all the beneficiaries of members." Fla.Stat.Ann. § 637.30.

The statute is valid. Grand Lodge Knights of Pythias, etc. v. Moore, 120 Fla. 761, 163 So. 108; Grand Lodge, Knights of Pythias of North America v. McKee, 5 Cir., 1938, 95 F.2d 474.

■■ But when we reach the conclusion that Miller, as the Society's agent, had no right to waive any provision of the Society's Constitution and Laws, we have not answered the question which is posed by the record. Farris signed a blank form. He gave, or at least the verdict of the jury requires us to assume that he gave Miller the correct answers. It was not shown that he knew or had reason to believe that false answers were to be written in over his signature. The knowledge of Miller, the agent, of the true facts and of the falsity of the answers, is imputed to his principal, the Society. Columbian National Life Ins. Co. v. Lanigan, supra. The Medical Director of the Society testified that all applications were delivered to and examined by him, and if he found the applicant to be an acceptable insurance risk he returned the application to the Secretary of the Society for the issuance of a certificate. It is the Society which, having the imputed knowledge of the true facts and of the falsity of the application, waives the requirements and assumes the obligations of the insurance contract. It is the Society which is estopped to assert a defense by reason of the false answers. Stix v. Continental Assurance Co., supra. The district court properly excluded the fraud issue from consideration of the jury.

■ The jury's verdict and the court's judgment included an attorneys' fee of $1,000. The appellant takes the position that no attorneys' fees are allowable against a fraternal benefit society, and so contending it points again to the statute which exempts such societies from all provisions of the insurance laws except as provided in Chapter 637, and that no law thereafter enacted shall apply to them unless they be expressly named therein. The general statutory law of Florida dealing with insurance contains a provision that:

"Upon the rendition of a judgment or decree by any of the courts of this state against any insurer in favor of the beneficiary under any policy or contract of insurance executed by such insurer, there shall be adjudged or decreed against such insurer, and in favor of the beneficiary named in said policy or contract of insurance, a reasonable sum as fees or compensation for his attorneys or solicitors prosecuting the suit in which the recovery is had.

"The amount to be recovered for fees and compensation for attorneys and solicitors against such insurer shall be ascertained and fixed by the court in chancery cases or a jury in common law actions, from testimony adduced for that purpose, and shall be included in the judgment or decree rendered in such cases." Fla. Stat.Ann. § 625.08.

Chapter 637 had its origin in a comprehensive act passed in 1915, Laws of Florida, Acts 1915, Ch. 6970. At that time attorneys' fees might be awarded against "any life or fire insurance company". Laws of Florida, Acts of 1893, Ch. 4173. In 1917 this was amended so as to permit recovery of attorneys' fees against "any person, company, corporation, co-partnership, association, fraternal benefit societies or others." Laws of Florida, Acts of 1917, Ch. 7295. In the statutory revision of 1941 the quoted words inserted in 1917 were deleted and for them was substituted "any insurer". Laws of Florida, Acts of 1941, Ch. 20719. "Insurer" is defined as "any person, firm, partnership, association, corporation or other organization or group who issue, or enter into, contracts or policies of insurance, indemnity or surety with another who is called the insured." Fla.Stat. Ann. § 625.01(6). This definition, adopted by the 1941 compilation, does not expressly designate fraternal benefit societies and, it being subsequent to the 1915 enactment, they would be excluded from

it. The 1915 statutes, as amended in the interim, were incorporated in the 1941 compilation. In such a case we look behind the revision to ascertain which act of the legislature is expressive of its intent. See Lykes Bros. v. Bigby, 155 Fla. 580, 21 So.2d 37. We are of the opinion that the statutory provision authorizing recovery of attorneys' fees does not apply to actions against fraternal benefit societies. In the absence of statutory authority or a contract provision attorneys' fees cannot be recovered. 46 C.J.S. Insurance § 1405b, p. 712.

As to that part of the judgment for the amount of the certificate with interest thereon and costs, it is affirmed; as to that part providing for attorneys' fees it is reversed. One-sixth of the costs of the appeal shall be taxed to the appellee and the remainder to the appellant.

Affirmed in part and reversed in part.