ALLEN, Acting Chief Judge.
This is an appeal by the State from a judgment dated April 23, 1957, which quashed a grand jury indictment against Joe P. Brown, charging the defendant with resisting arrest.
The questioned indictment is as follows:
“In the Name and by Authority of .the State of Florida:
“The Grand Jurors of the State of Florida, empaneled and sworn to inquire and true presentment make in and for the County of Collier, upon’ their oath do present that Joe P. Brown, late of the County of Collier and State of Florida, on the 2nd day of December, in the year of our Lord one thousand nine hundred and fifty-six, in the County and State aforesaid, did knowingly and willfully resist, obstruct, and oppose Robert C. Garrison and W. B. Williamson, Conservation Agents, sometimes known as Wild Life Officers and Game Wardens, being duly authorized agents under the Game and Fresh Water Fish Commission of the State of Florida, in a lawful execution of their legal duty, to-wit: The arresting of the said Joe P. Brown, for the offense of hunting with a headlight and a shotgun in the night time in the aforesaid State and County, which offense was then and there committed in the presence of the said Robert C. Garrison and W. B. Williamson, by offering to do violence to the person of the said Robert C. Garrison and W. B. Williamson with a pistol, contrary to the statute in such case made and provided and against the peace and dignity of the State of Florida.”
The order of the court quashing the indictment is as follows:
“This cause came on this day to be heard upon the defendant’s Motion to Quash the Indictment filed herein and the Court, having heard argument of counsel and being fully advised in the premises, finds that the said Indictment fails to allege the necessary elements of the offense attempted to be charged and it is, thereupon,
“Ordered and Adjudged that the defendant’s Motion to Quash be, and the same is hereby, granted and the Indictment filed herein be, and the same is hereby, quashed.”
While the indictment against the defendant was for resisting arrest by offering to do violence to the persons of the arresting officers, the officers making the arrest had. *601 no warrant for the apprehension of the defendant. Therefore, under the allegations of the indictment, the legality of the arrest allegedly resisted by defendant was based on the reliance of the arresting officers upon the fact that defendant was ■violating the law of the State of Florida in their presence, authorizing them to make ■said arrest without a warrant. Consequently, the validity of the indictment depends ■on whether or not the allegations of the indictment charge a crime under the laws ■of this State.
The crime attempted to be charged was ■that the defendant was engaged in an ■offense under the regulations of the Game and Fresh Water Fish Commission of Florida, specifically, Rule 16 which reads .as follows:
“Manner and Time of Taking Game Defined. Unlawful Methods and Devices Prohibited.
“The possession of a gun and a light .at night either by one person or by two or more persons then and there in the presence of each other for the purpose of taking birds, reptiles, amphibians, game animals or any other form of wild life be and it is hereby prohibited. The possession of a gun and a light at night either by one person or by two •or more persons then and in the presence of each other shall constitute prima facie evidence of possession of said gun and light for the purpose of taking birds, reptiles, amphibians, game animals or any other form of wild life.” (Italics ours.)
The Supreme Court of Florida has held that the violation of a lawful regulation of the Game and Fresh Water Fish Commis■sion is a misdemeanor. See Bronson v. State, Fla.1955, 83 So.2d 849.
It will be observed that the word “hunting” is not used in this regulation. The indictment predicates the authority for the arrest of the defendant upon the alleged act “of hunting with a headlight and a shotgun in the night time”. If the word “hunting” is synonymous with the word “taking”, then the indictment would be sufficient and the lower court would have erred in sustaining the motion of the defendant to quash the information.
Webster’s New International Dictionary (2d ed., unabr., 1957) defines the verb “hunt” in part as follows:
“1. As akin to capture, to try to get, to seize; to follow or search for game, etc. 2. To search diligently after, to seek; pursue, follow. 3. To drive; chase; hence, to follow up with, or as with persecutions or annoyances. 4. To use or traverse in pursuit of game; as, he hunts the words; hence, to search carefully, as he hunted the house for the papers; also to follow up, as a trail.”
In the recent case of Gibbs v. Mayo, Fla. 1955, 81 So.2d 739 the Supreme Court, in a habeas corpus proceeding, discharged a petitioner who had pled guilty to an information which charged that he unlawfully broke and entered “a motor vehicle” with the intent then and there to commit a felony, to-wit: grand larceny. The Statute F.S.A. § 860.12, under which the defendant was charged prohibited the breaking and entering of “any automobile, truck, trailer, semitrailer, or house car * * The Court, in its decision, said:
“It has long been settled in this State that to charge one with an offense defined by statute, the offense must be charged ‘in the very language of the statute, or in language of equivalent import’ and ‘nothing can be taken by intendment’. (Italics added.) Humphreys v. State, 17 Fla. 381, 385. The accused must be ‘plainly and unmistakably’ within a criminal statute, and all doubts are resolved in his favor. Watson v. Stone, 148 Fla. 516, 4 So.2d 700, 701. And when a word is substituted for that used in the statute, the substituted word must necessarily be within the terms of the statute in order to *602 charge an offense. Wood v. State, 18 Fla. 967. In accordance with this rule, we have held that an indictment for the breaking and entering of a corn-crib charges no offense because a corn-crib ‘is not necessarily a “building, ship or vessel.” ’ (Emphasis supplied.) Wood v. State, supra, at page 969. And ‘from the allegation that the defendant misrepresented the chemical content of “10 sacks of commercial fertilizers shipped by the” defendant “to one W. R. Hardee,” it is not necessarily to be inferred that the fertilizers were in fact sold to the consignee.’ (Emphasis supplied.) Coe-Mortimer Co. v. State, 81 Fla. 701, 88 So. 475, 476. Nor does proof of breaking and entering a gin house sustain a charge of breaking and entering a storehouse. Givens v. State, 40 Fla. 200, 23 So. 850. Likewise, where substituted words are broader in meaning than statutory language, so that the words used may or may not constitute a crime under a statute, no offense is stated. State v. Willis, 130 Tenn. 412, 170 S.W. 1032, where there was use of the word ‘corporation’ instead of 'bank or banking institution’, as required by statute; People v. Allen, 5 Denio, N.Y., 76, use of the word ‘agent’ instead of the statutory language ‘clerk or servant’; Boyd v. Commonwealth, 77 Va. 52, use of the word ‘unlawfully’ instead of the statutory language 'corrupt conduct’; Lantznester v. State, 19 Tex. App. 320, use of the word ‘father’ to negative parental consent, instead of the statutory language ‘parent.’ ”
It will be observed that the decision of the Court in the above case was based on a guilty plea by the defendant in which no attack was made upon the indictment in the lower court, while in the case now before this court the indictment was attacked and the lower court judge sustained the motion to quash the same.
This State, by a long line of decisions, has held that the accused must be clearly within a criminal statute and all doubts are resolved in his favor; that if an offense, as defined by the statute, is charged it must be done in the language of the statute or in the language of equivalent import, nothing being taken by intendment. If a word is substituted for one used in the statute, the State must see that the substituted word does not constitute a broader term than the word used- in the statute. If so, the charge does not constitute a crime.
Even if we should hold that the word “hunting” is of similar import to the word “taking”, the indictment against the defendant, Joe P. Brown, does not charge him with hunting birds, reptiles, amphibians, game animals or any other form of wild life, but simply charges that the defendant was hunting with a headlight and a shotgun in the night time. Nor does the indictment charge the defendant with the possession of a gun and light for the purpose of taking birds, reptiles, amphibians, game animals or other form of wild life.
An illustration of “hunting” game which does not involve “taking” game was suggested during oral argument before this Court, by counsel for the defendant. The attorney has a large area of land used for hunting game and other purposes, and one night accompanied by a photographer, they entered the woods with a light and a gun and camera for the purpose of making pictures for a movie showing the game, etc. in the woods. The parties were hunting game, but not for the purpose of “taking birds, reptiles, amphibians, game animals or any other form of wild life.”
We are of the opinion that since the regulation prohibits the possession of a gun and light at night for the purpose of taking birds, reptiles, amphibians, game animals or other form of wild life, the indictment must so charge, and the substitution of the words “hunting with the use of a shotgun and a headlight” is not equivalent to charging the defendant with the words of the regulation.
*603 The opinion in this case should not be construed as any limitation upon the powers of wild life officers to arrest violators of the regulations of the Game and Fresh Water Fish Commission in general, or of Rule 16 in particular. Neither should this opinion be considered an admonishment to game wardens that they must see game illegally taken before performing their duty under said Rule 16; but rather that, if an indictment or information is predicated upon a regulation or statute, the prosecutor should use the words of such regulation or statute, if possible, and not rely on substitute word or words which might be broader than the language for which they are substituted.
The judgment of the lower court should be and is affirmed.
Affirmed.
SHANNON, J., and SANDLER, HARRY N., Associate Judge, concur.