ALLEN, Judge.
The defendant was charged with attempted larceny of title to certain real estate located in Broward County. The information upon which he was tried read as follows, omitting formal parts :
“ * * * that Arthur Burton * * did then and there unlawfully attempt to take from the possession of the true owner, to-wit: Mrs, Franklyn W. De-vore, the title to certain real property, to-wit: Lots Nos. 10, 11, 14, 15, 16, 17, 19 and 20, or either of them, in Block 8 ' of PINE BEACH ON THE DIXIE, by color or aid of fraudulent or false token or writing, to-wit: a quitclaim deed from one purported Winford Vaughn, the said property,-and each lot thereof being of the value of more than *141 One Hundred Dollars ($100.00) good and lawful money of the United States of America.”
The defendant moved to quash the information upon the ground, among others, that the information failed to allege a crime. The motion was denied, and the defendant pled not guilty. Trial was had before the court without a jury, and defendant was adjudged guilty.
Defendant attacks the involved information upon the basis that it attempts to charge larceny of real property and that there is no such crime under Florida statutes. On the other hand, State contends that the information is good under Section 811.01, Fla.Stat. 1955, F.S.A.
State, in its brief, quoted a portion of Section 811.01 and emphasized the phrase which, it argued, supports the information, as follows:
“ ‘Whoever commits larceny by stealing the property of another, any money, goods or chattels, or any bank notes, bonds, promissory notes, bill of exchange or other bill, order or certificate, or any book of account for or concerning money or goods due or to become due, or to be delivered, or any deed or writing containing a conveyance of land, * * * if the property stolen is of the value fifty dollars or more, shall be deemed guilty of grand larceny, * * ” (Emphasis added.)
In his reply brief, defendant candidly pointed out that he had assumed the information was drawn under another section of the statute, since the County Solicitor had so stated at the hearing before the trial court on the motion to quash. That section is Section 811.021(1) (a), Fla.Stat.1955, F.S.A., which reads as follows:
“(1) A person who, with intent to deprive or defraud the true owner of his property or of the use and benefit thereof, or to appropriate the same to the use of the taker, or of any other person:
“(a) Takes from the possession of the true owner, or of any other person; or obtains from such person possession by color or aid of fraudulent or false representations or pretense, or of any false token or writing; . or obtains the signature of any person to a written instrument, the false making whereof would be punishable as forgery; or secretes, withholds, or appropriates to his own use, or that of any person other than the true owner, any money, personal property, goods and chattels, thing in action, evidence of debt, contract, or property, or article of value of any kind.”
This brings us to the consideration of a recent Florida case which discussed the effect of Section 811.021, supra, upon various statutes dealing with larceny and related crimes. In Anglin v. Mayo, Fla.1956, 88 So.2d 918, 921, the Supreme Court dealt with an appeal from a conviction of obtaining money under false pretenses. The central question was whether defendant should have been sentenced under Section 817.01, Fla.Stat. 1955, F.S.A., which deals with the mentioned crime, or under Section 811.021, supra. The involved portion of Section 817.01 read as follows:
.“Obtaining property, etc., by false pretenses. — Whoever designedly by a false pretense, or by a privy or false token, and with intent to defraud, obtains from another person any property, or obtains with such intent the signature of any person to a written instrument, the false making whereof would be punishable as forgery, shall be punished by imprisonment in the state prison not exceeding ten years, or by fine not exceeding five hundred dollars.”
In determining that Section 817.01 was repealed by Section 811.021, the Court said:
“We are of the view that the offense condemned by Section 817.01, Florida Statutes, F.S.A., is clearly comprehended by the offense condemned by Section 811.021, Florida Statutes, *142 F.S.A., and that Section 811.021, supra, being a later enactment as well as a revision of the laws theretofore applicable to various offenses supersedes Section 817.01, Florida Statutes, F.S.A., and insofar as. the appellant is concerned had the effect of providing a maximum penalty of six months in the county jail rather than five years in the State Prison.
* * * * * *
“We have also consistently followed the well settled rule of statutory construction to the effect that where a Statute covers the whole subject matter of an earlier Act and it is evident that it was intended to be a revision of or a substitute for the earlier Act, then the later Statute operates as a repeal of the earlier Statute to the extent that its provisions are revised and supplied. This is so even though the later Statute contains no express words of repeal and despite the rule that implied repeals of Acts of the Legislature are to be invoked only under the most circumspect consideration and when no other conclusion can be reached. Sparkman v. State, 71 Fla. 210, 71 So. 34; State ex rel. [Bradford] v. Stoutamire, 98 Fla. 486, 123 So. 834. See also, People v. Borgeson, 335 Ill. 136, 166 N.E. 451; Sutherland Statutory Construction, 3rd ed., Sections 2011 through 2014; and Statutory Construction by Crawford, Section 326.
“It is here pertinent to note that Section 6 of Chapter 26912, supra, specifically saves from repeal certain sections of the pre-existing Statutes and Section 7 of the same Act provides:
“ ‘All other laws except as specifically enumerated in the preceding section, inconsistent or in conflict herewith, be and the same are, hereby repealed.’ (Emphasis ours.)
“Section 817.01, supra, was not one of the Acts specifically saved from repeal. Customarily, the general repealing clauses repeal prior Statutes ‘in conflict’ with the subsequent Act. We deem it to be of some consequence that the repealing clause in Chapter 26912, supra, repealed not only prior Acts which were ‘in conflict’ therewith but also prior Acts ‘inconsistent’ therewith. Certainly Section 817.01, Florida Statutes, F.S.A., providing a penalty up to ten years in the State Prison was inconsistent with the later Act which-prescribed a maximum jail sentence of six months in the county jail for the same offense.”
It seems apparent that the last quoted remarks apply with equal force to the effect of Section 811.021 upon Section 811.01, that is, that Section 811.01 was likewise repealed by Section 811.021. We might mention that in 1957, both Section 817.01 and Section 811.01 were repealed by the legislature without any significant change in Section 811.021.
The remaining question for our determination is whether the words, “the title to certain real property,” used in the above quoted information, may be said to describe any of the property described in Section 811.021(1) (a), supra, which is subject to larceny. The applicable statutory words appear to be “any * * * evidence of debt, contract, or property.” (Emphasis added.)
Reference to various works defining the involved terminology leads us to the conclusion that while the definition of the words “any * * * evidence of * * * property” may include a “deed” to real property, such definition does not include, but rather is included in the definition of the words “title to certain real property.”
In 41 Words and Phrases, Title to Property, p. 665, the following definition is found:
“In common and legal speech the word ‘title’ normally signified (1) ownership or, when used with appropriate limiting words, a claim of ownership, or (2) the totality of the evidence, that is, the operative facts which result in such *143 ownership or on which the claim of ownership is based.”
The following appears in 2 Bouv.Law Diet., Rawle’s Third Revision (1914) p. 3282:
“Title Deeds. Those deeds which are evidences of the title of the owner of an estate. The person who is entitled to the inheritance has a right to the possession of the title-deeds
From the above definitions, we see that when we relate the words “title”, “evidence of title” and “title deed,” we should say that while a “title deed” is “evidence of one’s title” to or claim of interest in and right to possession of certain land, one’s “title” is the totality of all evidence of such claim of interest in and right of possession of that land.
Therefore, we conclude that the legislature intended the words, “any * * * evidence of * * * property,” to include tangible evidence of title to property, real or personal, such as deeds, bills of sale and the like. This is borne out by the fact that the last quoted words from Section 811.021 thus become a general description of personal property specifically described in Section 811.01, to-wit: “any deed of writing containing a conveyance of land.”
Having seen, in effect, that the information uses terminology which is much broader than that used in the applicable statute, the rule stated in State v. Brown, Fla.App. 1958, 101 So.2d 599, 602, becomes applicable. There, speaking of teminology used in an information, we held that “if a word is substituted for one used in the statute, the State must see that the substituted word does not constitute a broader term than the word used in the statute.”
Such conclusions lead us to hold that the information under attack was fatally defective for failure properly to describe personal property which, under the statute, is subject to larceny, and that the trial judge should have granted defendant’s motion to quash.
This cause is reversed and remanded to the Criminal Court of Record of Broward County for further proceedings not inconsistent with this opinion.
Reversed.
KANNER, C. J., and SHANNON, J., concur.